## RUSSELL v. UNITED STATES.
### No. 11802.

Circuit Court of Appeals, Eighth Circuit.
May 5, 1941.

---

Bryan Purteet, of St. Louis, Mo. (Joseph E. Green, of Chicago, Ill., on the brief), for appellant.

Harry C. Blanton, U. S. Atty., of Sikeston, Mo. (David M. Robinson, Asst. U. S. Atty., of St. Louis, Mo., on the brief), for appellee.

Before STONE, GARDNER, and THOMAS, Circuit Judges.

STONE, Circuit Judge.

This is an appeal from a conviction under Section 415, Title 18 U.S.C.A., for transportation of stolen property in interstate commerce.

The pertinent facts are as follows. On the morning of February 7, 1940, I. T. Slifkin (a traveling jewelry salesman) left Dallas, Texas, in his automobile for Hot Springs, Arkansas. He had with him, in a brief case, jewelry of various kinds which had cost him $12,900 wholesale. When about fifteen miles out of Dallas, some men in a car took possession of him and his car forcibly, compelling him to lie down on the car floor covered up with a top coat. The men asked him where the jewelry was and about the cost marks thereon. They took the key to the brief case from him. About five hours later and some 175 miles further, he was released thirty miles from Texarkana, Arkansas.

About five o'clock the next morning (February 8th), two highway patrolmen sighted a car, in St. Louis County, Missouri, speeding toward St. Louis City, a few miles away. When they signalled the car to stop, it increased its speed to between 80 and 85 miles per hour. The patrolmen pursued. After a short chase, the car overturned injuring the three men therein. All three men were placed in an ambulance to be sent to the St. Louis County Hospital. On the way to the hospital, appellant and one of the other men escaped from the ambulance and fled into the City of St. Louis, from which place appellant went by train to Chicago, abandoning a suitcase of clothes which was in the car.

After placing the injured men in the ambulance, the patrol officers returned to the overturned car. In the rear between the front and back seats they found the brief case of jewelry, a pistol on the shelf at the rear window, two other pistols and three suitcases containing clothes. Appellant had been taken from the rear seat in a dazed condition—the two other men were in the front seat. During the pursuit of the car, "a card board or a map or something" was put up over the rear window by someone in the rear seat.

The next day (February 9), Slifkin identified the jewelry found in the car as that taken from him.

Appellant presents several matters each of which is relied upon as sufficient for reversal. However, the main reliance is upon two matters which will be first considered.

■ I. The first of these is that there was a failure of proof that any property was stolen outside of Missouri and transported in interstate commerce. Under this contention appellant presents really two matters which are: (1) lack of proof as to any property being stolen, and (2) lack of proof as to transportation in interstate commerce of such property.

The proof is clear that the witness Slifkin was robbed of numerous articles of jewelry in Texas; that this stolen property was found about twenty hours later in a car in St. Louis County, Missouri, in which appellant and two other men were riding. The circumstances surrounding the theft of this property and its being found so soon after and so far away from the place of robbery are not only sufficient but convincing evidence that the property was stolen and was immediately transported in interstate commerce to the point where it was found in St. Louis County.

■ II. The second matter particularly urged is a failure of proof that the property so stolen and transported was the jewelry described, with particularity, in the indictment. It is true that there was no such particularity of identification in the evidence. The evidence was, generally, that the jewelry found in the wrecked car was the jewelry stolen from Slifkin, without particularity of identification as to each piece. With what particularity the proof must follow such character of allegations in an indictment might be a question here were it not for the state of the record. However, the appellant is in no position to urge that contention in this Court. In no place in this record was this matter brought to the attention of the trial court before the motion for new trial was filed. The demurrer to the evidence is in the most general terms. There is no mention of such matter in the requests to charge made by appellant nor in the exceptions to the charge as given. The case was tried by both parties and presented in the charge of the court to the jury on the assumption that such identity was not a point in issue. The evidence leaves no doubt that had such an issue been raised before the close of the trial this proof could have been easily supplied because it is very clear that the stolen property involved in the indictment was that stolen from the witness Slifkin; that he was present as a witness identifying the jewelry generally; and, undoubtedly, he could and would have identified each particular piece of the property laid in the indictment had it been known that such an issue was controverted. In fact, it is difficult to imagine that the descriptions of the property for statement in the indictment could have been secured from anyone except Slifkin or from inspection of the property itself which had been identified by Slifkin on February 9th. The present position of appellant is either the result of an after thought following the trial or the result of a trap carefully concealed until completion of the trial. With the record in this situation, appellant cannot be heard here on this contention.

III. Next we give such consideration to other contentions of appellant as they merit.

■■ The indictment is attacked as insufficient. It is claimed that it does not sufficiently allege transportation of the stolen jewelry in interstate commerce. This contention is frivolous. Also, it is urged that the Act is invalid as being outside the commerce power; violative of the Tenth Amendment to the Constitution; and failing to define "stolen property." There can be no doubt of the power of Congress to make transportation in interstate commerce of stolen articles a crime. Brooks v. United States, 267 U.S. 432, 436, 45 S.Ct. 345, 69 L.Ed. 699, 37 A.L.R. 1407. The limitation of application, in the Act, to property "of the value of $5,000.00 or more" is not subject to attack. This limitation is based upon well known practical considerations. In using the terms "stolen, feloniously converted, or taken feloniously by fraud or with intent to steal or purloin", the Act used expressions of well and long known legal and popular meaning.

■ The contention that there was no sufficient evidence of transportation by appellant is not well founded. The evidence shows the jewelry was in the part of the car occupied solely by appellant; that he placed a covering over the rear window when he knew officers were pursuing the car in an attempt to halt it while the occupants were endeavoring to escape; that a pistol was in open view in a place in the rear of the car where he alone could reach it; and that he fled from the ambulance.

■ The contention that error was committed in reopening the case, after the Government rested and before appellant introduced his testimony, for the purpose of showing that appellant was wearing a mustache on July 1, 1940, is frivolous.

■ The contention that there was error in giving the jury the indictment, because it contained a long list of "aliases" as to which there was no evidence, is not before us since no objection was made thereto although the record shows such action of the Court was expressed and open with ample opportunity for objection. Had such ob-

jection been made then, the Court could have taken any appropriate action.

The final contention is that the sentence is excessive. It is within the limits of the Act. The responsibility for degree of sentence is wholly within the power of the trial court, provided it does not exceed the declared legal maximum.

The judgment is affirmed.