**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Larry Lee MARTIN, Defendant-Appellant.**

**No. 25617.**

United States Court of Appeals, Ninth Circuit.

April 25, 1972.

William J. O. Holmes (argued), of Cummins & Holmes, San Francisco, Cal., for defendant-appellant.

Shelby R. Gott, Asst. U. S. Atty. (argued), Stephen G. Nelson, Asst. U. S. Atty., Harry D. Steward, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before KOELSCH and GOODWIN, Circuit Judges, and MURRAY,* District Judge.

PER CURIAM:

Larry Lee Martin was convicted of several crimes involving stolen securities, 18 U.S.C. § 2314. On this appeal he assigns two errors. Neither has merit.

██ 1. To establish that the instruments in question were genuine Canadian government bonds, as charged in the indictment, the trial court allowed one George Cossette to testify as an expert, over Martin's objection. The witness at this time held the position of Custodian of Securities for the Provincial Bank of Canada; he was previously a bank manager; and, in the course of his regular banking duties over the years, he had personally handled and dealt with innumerable Canadian government bonds. The fact that the witness had never seen a forged bond did not, as Martin urges, render him unqualified. Had any of those bonds been counterfeit, in all probability they would have been returned to him. But none had. Thus, it was fair for the trial court to conclude, as it did, that the witness could, on the basis of his knowledge and experience, distinguish between bonds which were genuine and those which were counterfeit. See III, Wigmore on Evidence (Chadbourn revision 1970) § 705, p. 38.

██ 2. There can be no doubt that the fact of possession of recently stolen property permits inferences that the possessor was the thief, that he knew the property was stolen and that he participated in its transportation from the place where it was stolen. McAbee v. United States, 434 F.2d 361 (9th Cir. 1970). The court was acting well within its discretion in instructing the jury concerning such inferences, for the lapse of time between the robbery and Martin's arrest was not of such duration that the inferences were impermissible. And finally, the instruction, insofar as it advised the jury these inferences were legitimate if such possession was not "satisfactorily explained," did not in effect compel Martin to testify. The constraint arose "simply from the force of circumstances and not from any form of compulsion forbidden by the Constitution." Yee Hem v. United States, 268 U.S. 178, 185, 45 S.Ct. 470, 472, 69 L.Ed. 904 (1925).

Affirmed.

* Honorable William D. Murray, Senior Judge, United States District Court, Butte, Montana, sitting by designation.