UNITED STATES of America,
Plaintiff-Appellee,

v.

Jorge ALMADA–ALDAMA, Defendant-
Appellant.

UNITED STATES of America,
Appellee,

v.

Cosme ALMADA–ALDAMA, Appellant.

Nos. 72–1416, 72–1417.

United States Court of Appeals,
Ninth Circuit.

June 13, 1972.

Arthur J. Hutton, Lawrence Ollason, Tucson, Ariz., for appellants.

William C. Smitherman, U. S. Atty., James M. Wilkes, Asst. U. S. Atty., Tucson, Ariz., for appellee.

Before MERRILL, ELY and GOODWIN, Circuit Judges.

PER CURIAM:

Appellants were convicted of importation of 1101 pounds of marijuana, a violation of 21 U.S.C. § 952(a), and of possession with intent to distribute those 1101 pounds of marijuana, a violation of 21 U.S.C. § 841(a) (1). They appeal, contending that the district court abused its discretion in permitting a United States Customs Agent to identify the marijuana and in failing to require that the identification be made by a chemist. We affirm.

The agent had seen marijuana bricks more than one hundred times; he had been trained to identify marijuana and was familiar with its visual appearance and its characteristic smell; he had never been mistaken in making a visual identification of what be believed to be marijuana; and he described in court the basis for his identification of the substance in this case. The identification question was one regularly faced by the agent. *Compare* Ignacio v. Guam, 413 F.2d 513 (9th Cir. 1969), cert. denied 397 U.S. 943, 90 S.Ct. 959, 25 L.Ed. 2d 124 (1970). The district court had ample reason to conclude that the agent was qualified to distinguish marijuana from some other substance. *Compare* United States v. Martin, 459 F.2d 1009 (9th Cir. 1972).

It is important to note, too, that during the agent's testimony no specific objection was voiced which might have raised a foundational issue as to the agent's qualification to express his expert opinion as to the nature of the substance.

Affirmed.