**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Russell B. SCHULTZ, Defendant-Appellant.**

**No. 71–2598.**

United States Court of Appeals,
Ninth Circuit.

June 20, 1972.

* The Honorable Morell E. Sharp, United States District Judge for the Western District of Washington, sitting by designation.

Salvatore E. Scarantino, Los Angeles, Cal., for defendant-appellant.

William D. Keller, U. S. Atty., Stanley I. Greenberg, Eric A. Nobles, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before KOELSCH, HUFSTEDLER and WRIGHT, Circuit Judges.

PER CURIAM:

Following trial to the court Schultz was convicted on two counts of illegal possession of checks stolen from the mails, in violation of 18 U.S.C. § 1708. The district court sentenced him to 42 months of imprisonment on each count, the sentences to run concurrently.

Schultz argues that the evidence failed to demonstrate his knowledge that the checks had been stolen. The argument has two thrusts. He first contends that the government must prove that he knew the checks had been taken from the mails, not merely that they had been stolen from some unspecified source. We have recently rejected this interpretation of the statute. United States v. Gardner, 454 F.2d 534, 535 (9th Cir. 1972).

It is next claimed that the evidence did not suffice to demonstrate any knowledge that the checks had been stolen at all. They were mailed from post offices in New York to a Mr. Schatz in Los Angeles on August 31, 1970. Appellant and Mr. Schatz, then deceased, had been living in the same hotel in Los Angeles. On September 2, 1970 Schultz deposited the checks to his own account in a Los Angeles bank, forging an endorsement by Schatz.

Schultz' possession of recently stolen checks supports an inference of knowledge of the theft, unless his possession is satisfactorily explained to be inconsistent with such knowledge. *See, e. g.,* Rugendorf v. United States, 376 U.S. 528, 536–537, 84 S.Ct. 825, 11 L. Ed.2d 887 (1964); United States v. Martin, 459 F.2d 1009 (9th Cir. 1972); McAbee v. United States, 434 F.2d 361 (9th Cir. 1970). The district court, as trier of fact, found that Schultz' explanation of his possession "was not a believable one." The court's finding of guilt indicates that it chose to infer knowledge of theft rather than accept a story it considered incredible.

Schultz also argues that he was improperly convicted on two counts for acts which should be viewed as constituting one offense only. Since concurrent sentences were imposed on the two counts, we decline to consider this issue. We do not perceive any collateral legal consequences adverse to appellant over and above those from conviction on one count, and none has been brought to our attention. *Cf.* United States v. Moore, 452 F.2d 576 (9th Cir. 1971).

The convictions are affirmed.