UNITED STATES of America

v.

Albert BIANCO and Frederick Wayne Fasick.

Crim. No. 76–177.

United States District Court, E. D. Pennsylvania.

Aug. 12, 1976.

John J. Poserina, Philadelphia, Pa., for plaintiff.

William C. Fields, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

MEMORANDUM

BRODERICK, District Judge.

Presently before the Court is the motion of defendant Frederick Wayne Fasick for a

new trial. On July 7, 1976, the jury returned a verdict of guilty to all three counts of the indictment charging the defendant in Count I with transporting stolen goods in interstate commerce in violation of 18 U.S.C. § 2314 and the violation of 18 U.S.C. § 2 by aiding and abetting, in Count II of selling and disposing of stolen goods moving in interstate commerce in violation of 18 U.S.C. § 2315 and the violation of 18 U.S.C. § 2 by aiding and abetting, and in Count III with conspiracy to transport and sell stolen goods moving in interstate commerce in violation of 18 U.S.C. § 371.[1] The Court has determined that the defendant's motion is without merit and must be denied.

*Constitutionality of 18 U.S.C. § 2314.*

█ The defendant contends that 18 U.S.C. § 2314 is unconstitutional. The portion of § 2314 under which the jury found him guilty makes it a crime to:

transport[s] in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5000 or more, knowing the same to have been stolen, converted, or taken by fraud . . . .

The defendant's argument is that the mere possession of stolen goods within the State of Pennsylvania, without more, is a crime exclusively within the jurisdiction of the state of Pennsylvania; therefore, he contends that 18 U.S.C. § 2314 violates the Tenth Amendment of the Constitution in that it deprives states of the powers expressly reserved or necessarily implied to them. In making this argument, the defendant misconstrues the essential import of this statute. Section 2314 does not make the mere *possession* of stolen property a federal crime but does make it a federal crime to transport in interstate commerce stolen property knowing it to have been stolen. In *Russell v. United States,* 119 F.2d 686 (8th Cir. 1941), the Eighth Circuit specifically rejected the argument that the

predecessor statute of 18 U.S.C. § 2314[2] violated the Tenth Amendment. The defendant does not take issue with the *Russell* holding; his sole argument is that the Supreme Court has never ruled on the question. *Russell,* however, relies upon *Brooks v. United States,* 267 U.S. 432, 45 S.Ct. 345, 69 L.Ed. 699 (1925), and cites *Brooks* for the proposition that: "[t]here can be no doubt of the power of Congress to make transportation in interstate commerce of stolen articles a crime." 119 F.2d at 688. The Supreme Court in *Brooks* considered the question of Congress's power to "[forbid] and [punish] the use of such [interstate] commerce as an agency to promote immorality [and] dishonesty . . ." 45 S.Ct. at 346, and said:

Congress may properly punish such interstate transportation by anyone with knowledge of the theft because of its harmful result and its defeat of the property rights of those whose [cars] against their will are taken into other jurisdictions. 45 S.Ct. at 346–347.

*Prior Conviction.*

█ The defendant contends that the Court abused its discretion and erred when it ruled that certain limited information concerning the defendant's recent conviction could be introduced by the government to impeach him if he took the stand. The defendant was convicted by a jury in a New Jersey state court of breaking and entering, assault and armed robbery several weeks prior to this trial. Before ruling, the Court permitted both sides to present oral argument and permitted the defendant, outside the presence of the jury, to take the stand and present his testimony to assist the Court in determining whether the prejudicial effect of the impeachment testimony outweighed its probative value. After discussing with both attorneys the Court's interpretation of Rule 609(a) of the Federal Rules of Evidence and the cases bearing on the question, and giving them additional

---

1. Defendant Albert Bianco, who has not filed post-trial motions, was also indicted and found guilty on all three counts.

2. 18 U.S.C. § 415.

opportunity for oral argument, the Court ruled as follows:

I have carefully considered Rule 609(a), the Committee notes which explain the Rule, the testimony of the defendant Fasick, and the cases I referred to previously. I am ruling that the government may introduce the prior conviction of armed robbery and breaking and entering to impeach the defendants if the defendants should take the stand. I base this ruling on the part of Rule 609(a) of the Federal Rules of Evidence which states that the evidence of a conviction of a crime may be admitted if the crime involved dishonesty or false statement. My understanding of the word "dishonesty" as used in Rule 609(a) is that it includes the crimes of armed robbery and breaking and entering which are crimes for which the defendants have been found guilty in New Jersey. I think that evidence of these convictions is relevant to attack the defendants' credibility. My interpretation of Rule 609(a) is that I have no discretion to exclude evidence of crimes of dishonesty when used for impeachment purpose. I refer also to then Judge Burger's opinion in *Gordon v. United States,* [127 U.S.App.D.C. 343], 383 F.2d 936 [1967] and Judge Ganey's opinion in *United States v. Remco,* 388 F.2d 783 [3d Cir. 1968] which, although written before the adoption of the Federal Rules of Evidence, are guides to the type of crimes which reflect adversely on a man's honesty and integrity.[3] Judge Burger includes stealing as a crime which would reflect adversely on a man's dishonesty.

I have also considered this as a felony which could only be admitted under Rule 609(a) subsection (1) wherein the Court has discretion. After hearing the defendant's evidence outside the presence of the jury, the Court determines that the probative value of admitting his recent conviction outweighs the prejudice to the defendant.

I am ruling, however, that the conviction for assault cannot be brought out. Assault is not a crime of dishonesty. In the exercise of my discretion, I think the prejudice to the defendants resulting from the government's introduction of the conviction for assault would outweigh its probative value under the facts and circumstances of this case.

The United States Attorney shall not go into any details of the prior conviction but shall be limited to bringing out: (1) That the defendant was found guilty of armed robbery and breaking and entering; (2) the date of the conviction; and (3) the place of the conviction.

The defendant also claims that the Court's ruling was erroneous because post-trial motions in connection with the prior conviction had not yet been disposed of. The Court ruled that if the government introduced testimony of the prior conviction the defendant could bring out that the post-trial motions had not been argued or ruled upon. Rule 609(e) of the Federal Rules of Evidence states that the pendency of an appeal does not render evidence of a conviction inadmissible and that evidence of the appeal is admissible. The Advisory Committee notes explain that this rule is supported by the presumption of correctness which ought to attend judicial proceedings. In *United States v. Rose,* 526 F.2d 745 (8th Cir. 1975), the defendant raised the same argument concerning the use of a prior conviction to impeach his witness. At the time of the defendant's trial in *Rose,* the jury had returned a verdict of guilty as to the witness, but judgment had not yet been entered thereon, nor had the witness's post-trial motion been ruled upon. The Court

---

**3.** Further research after trial has disclosed *United States v. Ackridge,* 370 F.Supp. 214, 218 (E.D.Pa.1973) aff'd, 500 F.2d 1400 (1974), where my learned colleague Judge Bechtle stated: "The crime of larceny is a felony involving moral turpitude and, as such, is relevant to the question of defendant's honesty and truth-telling capacity." See also *United States v. Gray,* 468 F.2d 257 (3d Cir. 1972). In *United States v. Baber,* 145 U.S.App.D.C. 98, 447 F.2d 1267, 1269, cert. denied 404 U.S. 957, 92 S.Ct. 324, 30 L.Ed.2d 274 (1971), the Court stated: "We had always assumed that robbery demonstrates some traces of dishonesty, involving as it does an intent to steal, thus permitting its use for impeachment." [citations omitted].

rejected the defendant's contention that the prior conviction could not be used to impeach, stating "[w]e find no significant difference between the jury's finding of guilt and the entry of judgment thereon as far as probative value for impeachment purposes." [citations omitted]. 526 F.2d at 747.

We have carefully reviewed the Court's ruling concerning the impeachment testimony and find no error.

*Testimony of Mrs. Robson.*

■ To prove its case, the government had the burden of establishing that the goods transported in interstate commerce were stolen, converted, or taken by fraud. 18 U.S.C. §§ 2314 and 2315. The government called Mrs. Robson, from whose house the goods in question had been stolen, to testify concerning the robbery. The defendant contends that her testimony was prejudicial and inflammatory. We disagree. Mrs. Robson merely gave a concise statement of the facts of the robbery, which was introduced for the purpose of showing that the stamp collection was stolen property.

*Directed Verdict of Acquittal.*

■ The defendant contends that the Court erred in denying its motion for a directed verdict because there was insufficient proof of his knowledge that the goods were stolen. However, the real thrust of defendant's argument is that the permissive inference that can be drawn from the possession of recently stolen property is unconstitutional and has never been ruled upon by the Supreme Court. The defendant contends that the Court erred in considering the inference and in charging the jury on it. In this connection, the Court charged the jury as follows:

> Possession of recently stolen property, if not satisfactorily explained, is ordinarily a circumstance from which you may reasonably draw the inference and find, in the light of the surrounding circumstances shown by the evidence in the case, that the person in possession knew the property had been stolen.

> In considering whether possession of recently stolen property has been satisfactorily explained, you are reminded that in the exercise of constitutional rights the accused need not take the witness stand and testify.

> Possession may be satisfactorily explained through other circumstances, other evidence, independent of any testimony of the accused.

> However, you are never required to make this inference. It is the exclusive province of the jury to determine whether the facts and circumstances shown by the evidence in this case warrant the inference which the law permits the jury to draw from the possession of recently stolen property.

> The term "recently" is a relative term, and has no fixed meaning. Whether property may be considered as recently stolen depends upon the nature of the property, and all the facts and circumstances shown by the evidence in the case. The longer the period of time since the theft, the more doubtful becomes the inference which may reasonably be drawn from unexplained possession.

The above charge is in conformity with the language approved by the Supreme Court in *Barnes v. United States,* 412 U.S. 837, 93 S.Ct. 2357, 2360, n. 3, 37 L.Ed.2d 380 (1973).[4] In *Barnes,* the Court reviewed recent Supreme Court decisions which considered the validity of criminal law presumptions and inferences under the Due Process Clause and concluded:

> Since the inference thus satisfies the reasonable doubt standard, the most stringent standard the Court has applied in judging permissive criminal law inferences, we conclude that it satisfies the requirements of due process. 93 S.Ct. at 2363.

The Supreme Court rejected defendant's contention that the permissive inference in-

4. *See also United States v. Martin,* 459 F.2d 1009 (9th Cir.), cert. denied 409 U.S. 864, 93 S.Ct. 155, 34 L.Ed.2d 111 (1972); *United States v. Allegrucci,* 258 F.2d 70 (3d Cir. 1958).

fringed his privilege against self-incrimination. *Id.* The Supreme Court also pointed out that the above instruction permitted the inference of guilt from *unexplained* possession of recently stolen property and said:

> It is true that the practical effect of instructing the jury on the inference arising from unexplained possession of recently stolen property is to shift the burden of going forward with evidence to the defendant. If the Government proves possession and nothing more, this evidence remains unexplained unless the defendant introduces evidence, since ordinarily the Government's evidence will not provide an explanation of his possession consistent with innocence. 93 S.Ct. at 2363, n. 11. Of course, the mere fact that there is some evidence tending to explain a defendant's possession consistent with innocence does not bar instructing the jury on the inference. The jury must weigh the explanation to determine whether it is satisfactory. [citations omitted]. *Id.* at 2362, n. 9.

The defendant did not take the stand. Furthermore, the defendant produced no evidence explaining his possession of the recently stolen property. Dennis Kline, the Manager of a stamp store in Allentown, Pennsylvania, who testified for the government, identified the defendant as the person who came to the store to sell the stolen property in question. He testified that defendant said that the stolen property was a part of the estate of his wife's mother, who had recently passed away. The testimony of several government witnesses concerning the defendant's possession of the stolen property, and the explanation testified to by the government's witness, were clearly a sufficient basis on which to submit the issue to the jury and charge them on the permissive inference.

*Handwriting Exhibit.*

 The government introduced into evidence blow-ups of the defendant's signature. The words "date arrested" appeared in one exhibit. The defendant contends that this exhibit was so prejudicial so as to require the granting of a new trial. We do not agree. The fact that a jury could infer that the signature was on a fingerprint card was not prejudicial to the defendant. The Court cautioned the jury that:

> I further instruct you that any reference to any fingerprints should not in any manner be interpreted by you to be an indication that the defendant has any prior criminal record. Many thousands of persons have fingerprints on file and yet have no criminal record whatsoever and you are not to draw any inference of any kind from the fact that the government had the defendant's fingerprints on file prior to the commission of this crime.

The fact that the defendant had been arrested in connection with this crime, which also could be inferred from the exhibit, is clearly not prejudicial.

For all of the aforementioned reasons, we deny defendant's motion.