UNITED STATES of America,
Plaintiff-Appellee,

v.

Walter BARNES, III and Leslie Carl
Coleman, Defendants-Appellants.

No. 79–5305
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 19, 1980.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Lucien B. Campbell, Federal Public Defender, San Antonio, Tex., for Barnes.

John M. Pinckney, III (Court-appointed) San Antonio, Tex., for Coleman.

Jamie C. Boyd, U.S. Atty., LeRoy Morgan Jahn, Asst. U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before GEE, HENDERSON and HATCHETT, Circuit Judges.

PER CURIAM:

Walter Barnes and Leslie Coleman appeal their convictions for theft on a government reservation. 18 U.S.C.A. § 2111. They challenge three evidentiary rulings made by the trial court.

Both appellants contend that the district judge abused his discretion in admitting Barnes' prior conviction for heroin possession on the grounds that his addiction to heroin, which grew out of his military service in Vietnam, was a common problem among United States soldiers stationed there; that under federal law his possession would have been only a misdemeanor; that the conviction was six years old; and that the amount of heroin which he possessed indicated that it was for personal used, not for distribution. They also complain that the prejudice was compounded because the prosecutor elicited on cross-examination that Barnes initially received a probated sentence, but later served eight months in prison, and because a drug-related offense would conjure up in the jurors' minds the possibility that Barnes would commit theft in order to sustain a heroin habit.

According to Rule 609(a)(1), Fed.R. Evid., evidence of a prior conviction may be used to attack the credibility of a witness if the crime "was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant". Ab-

sent special circumstances, a conviction is not admissible more than ten years after the date of the conviction or the witness' release from custody. Rule 609(b), Fed.R. Evid. By its terms, then, Rule 609 disposes of any argument based on federal characterization of the offense, the age of the conviction, or the fact that the prior crime did not involve *crimen falsi.* Cf., Rule 609(a)(2), Fed.R.Evid.

▮ Nor can we agree that the probative value of the prior conviction was outweighed by its prejudical effect. The conviction was relevant as evidence of the defendant's criminal nature from which the jury could infer a propensity to falsify testimony. *United States v. Martinez,* 555 F.2d 1273, 1275 (5th Cir.1977); *United States v. Garber,* 471 F.2d 212, 215 (5th Cir.1972). Of course, where the defendant is a witness, there is a danger the jury will consider that same criminal nature as evidence that the defendant acted illegally on the occasion in question. *United States v. Preston,* 608 F.2d 626, 639 (5th Cir.1979); *United States v. Cohen,* 544 F.2d 781, 785 (5th Cir.1977). The record reveals the trial judge made a considered determination during a recorded hearing after having the benefit of both written briefs and oral argument from both sides. (Record, hereinafter referred to as "R.," Vol. 1, 42–44, 50–55, 65–66, 120; Vol. 6, 24–27; Vol. 7, 19–25.) *United States v. Preston,* 608 F.2d at 639. We cannot say that this determination amounted to an abuse of discretion. *United States v. Wiggins,* 566 F.2d 944, 946 (5th Cir.), *cert. denied,* 436 U.S. 950, 98 S.Ct. 2859, 56 L.Ed.2d 793 (1978). Barnes' credibility was crucial, for his version of the facts directly contradicted that of the prosecution witnesses. And, we believe it unlikely the jury would make the impermissible conclusion that his past crime indicated present guilt. This is not like a situation in which the past conviction is for the same or a similar offense, as was true in the case relied upon by the appellants, *United States v. Brown,* 409

F.Supp. 890 (W.D.N.Y. 1976). Finally, we do not find any error in the prosecutor's eliciting from Barnes the length of his confinement. *Beaudine v. United States,* 368 F.2d 417, 421 & n.8 (5th Cir.1966).[1] *See United States v. Wolf,* 561 F.2d 1376, 1381 (10th Cir.1977); *United States v. Miller,* 478 F.2d 768, 770 & n.4 (4th Cir.1973); *United States v. Mitchell,* 427 F.2d 644, 646–47 (3d Cir.1970). This would seem especially true where the prosecution brought out this information in response to Barnes' attempt to "explain away" his prior conviction. (R., Vol. 9, 401–403). *See United States v. Wolf,* 561 F.2d at 1381.

▮ At the trial, the prosecution's main witnesses were the two victims of the crime, Phillipa Downing and Sharon Louise Gemberling. The appellants claim that the trial court erred in refusing to allow the impeachment of Downing by showing her two prior convictions for shoplifting. We cannot agree. Rule 609(a)(2) permits impeachment of a witness by use of a conviction for a crime punishable by imprisonment for less than a year only if it "involved dishonesty or false statement . . .." Our prior decisions have admittedly caused some confusion in this area. In *United States v. Carden,* 529 F.2d 443, 446 (5th Cir.), *cert. denied,* 429 U.S. 848, 97 S.Ct. 134, 50 L.Ed.2d 121 (1976), a panel of this court said that a prior conviction for petty larceny was admissible for impeachment because it involved dishonesty. However, as was recently noted in *United States v. Cathey,* 591 F.2d 268, 276 n.16 (5th Cir.1979), the dictum in *Carden* was retracted in *United States v. Ashley,* 569 F.2d 975, 979 (5th Cir.), *cert. denied,* 439 U.S. 853, 99 S.Ct. 163, 58 L.Ed.2d 159 (1978), in which the court held that a conviction for shoplifting was not admissible under Rule 609(a)(2) because it did not contain "some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully," *quoting,* Conference Committee Notes to Rule 609, 1974 U.S. Code Cong. & Admin.

---

1. *Beaudine* is a pre-Federal Rules of Evidence case. However, enactment of the Rules did not eliminate the elicitation on cross-examination

of *some* detail surrounding the conviction. *See, e.g., United States v. Knight,* 607 F.2d 1172, 1177 (5th Cir.1979).

News pp. 7098, 7103. As explained in *Ashley*, some petty larceny offenses may involve dishonesty or false statement and some may not, and therefore it is necessary to look at the basis of the conviction to determine whether the crime embraced dishonesty. *United States v. Cathey*, 591 F.2d at 276 n.16.

The appellants finally raise questions concerning the defense's attempt to impeach Downing. In pretrial hearings, Downing admitted she had told the prosecutor and an FBI agent prior to trial that she had never been convicted of a crime. In light of her two misdemeanor convictions, this statement was false. Downing explained that she thought they were referring to convictions in San Antonio, Texas, only. This explanation was not entirely persuasive. Nevertheless, the district judge excluded the appellants' proffer of questions concerning this falsehood.

■ The appellants argue that once Downing admitted the convictions on the stand, her previous denial could have been introduced as a prior inconsistent statement. Rule 613, Fed.R.Evid. Even so, the defense could not inquire about her previous convictions in violation of Rule 609(a)(2) just to set her up for impeachment by a prior inconsistent statement.

■ Alternatively, the appellants maintain that the trial judge should have allowed them to pursue this line of questioning under Rule 608(b), Fed.R.Evid., which permits cross-examination of a witness concerning specific instances of conduct if probative of character for truthfulness or untruthfulness. However, proof by extrinsic evidence is impermissible, and the inquiry is subject to the trial judge's discretion. *United States v. Bynum*, 566 F.2d 914, 923 (5th Cir.), *cert. denied*, 439 U.S. 840, 99 S.Ct. 129, 130, 58 L.Ed.2d 138 (1978); *United States v. Herzberg*, 558 F.2d 1219, 1223 (5th Cir.1977).

**2.** Under Rule 609(a), it is the criminal act which indicates a propensity to be untruthful, while under Rule 608(b), it is the act of denying

■ The judge saw the defense's desire to inquire into Downing's prior denial of her convictions as an attempt to circumvent Rule 609(a)(2). While we do not believe that allowing the defense to question Downing concerning her denial of prior convictions necessarily would have been at cross-purposes with refusing to admit the convictions themselves under Rule 609(a)(2),[2] we cannot say that the judge abused his discretion in rejecting this line of questioning. Her prior denial only minimally impugned her character for truthfulness in light of her not entirely implausible explanation, an explanation the defense could not have impeached with extrinsic evidence. Moreover, Gemberling corroborated Downing's account of the appellants' attack. Thus, even if the trial judge erred in excluding these questions, the error was harmless.

Accordingly, the judgment of the district court is

AFFIRMED.

that crime which indicates an untruthful character.