UNITED STATES, Appellee,

v.

Specialist Five Thomas W. FRAZIER, SSN 382–60–6701, United States Army, Appellant.

CM 441396.

U. S. Army Court of Military Review.

29 Sept. 1982.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Raymond C. Ruppert, JAGC, Major Robert C. Rhodes, JAGC, Captain John Lukjanowicz, JAGC, and Robert E. Seaman III, Esquire, were on the pleadings for appellant.

Major John T. Edwards, JAGC, Captain Paul K. Cascio, JAGC, and Captain Michael E. Pfau, JAGC, were on the pleadings for appellee.

Before FULTON, COHEN and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT

NAUGHTON, Judge:

Contrary to his plea, the appellant was convicted by a military judge sitting as a general court-martial of offering violence to his superior commissioned officer in violation of Article 90, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 890 (1976). Further, in accordance with his pleas, he was found guilty of behaving with disrespect toward his superior commissioned officer and willfully disobeying a lawful order of the same officer in violation of Articles 89 and 90, UCMJ, 10 U.S.C. §§ 889 and 890 (1976). The adjudged sentence of a dishonorable discharge, confinement at hard labor for one year, forfeiture of all pay and allowances, and reduction to the grade of E–1 was approved by the convening authority.

The issues to be decided on this appeal deal with: (1) the admissibility of appellant's three prior civilian convictions for housebreaking, grand larceny, and possession of marihuana to impeach appellant's credibility; (2) the sufficiency of the evidence to support appellant's conviction of the contested offense; and (3) whether any of the appellant's prior civilian convictions can be reflected on the general court-martial order promulgating the results of his court-martial as being considered by the military judge.

On 30 April 1981 the appellant was called to the office of Captain Stephany Houston, the evening nursing supervisor at Moncrief Army Hospital, Fort Jackson, South Carolina, for a counseling session involving the appellant's alleged disobedience of an order issued by Captain Houston earlier that day to remain at the hospital's Surgical Intensive Care Unit to assist in caring for a patient who was hemorrhaging. Specialist Six Solom, the evening nursing supervisor NCO, was also present at this time. Because of the appellant's use of profanity and belligerent attitude, Captain Swisher, the Administrative Officer of the Day for the hospital, was summoned by Captain Houston to witness the counseling session. Captain Houston and Specialist Solom were each seated at desks with Captain Swisher standing between them. The appellant was seated in a chair about twelve feet away facing Captain Houston and the others.

As the counseling session progressed, the appellant repeatedly interrupted and frustrated Captain Houston's efforts to counsel

him by speaking loudly and using profanity. Suddenly, the appellant got up from his chair, rushed towards Captain Houston and leaned over her desk while shaking his fist with a finger extended and shouting that she "was not going to tell him what he had to do." Appellant stood within an arm's length of Captain Houston and continued to shake his fist. Captain Houston testified that she felt threatened and feared that the appellant would strike her. Captain Swisher stepped in and ordered the appellant to return to his seat after the appellant did not comply with Captain Houston's order to return to his seat. Captain Houston, Captain Swisher, and Specialist Solom described the appellant as appearing "tense," "intimidating," and "angry" when he rushed towards Captain Houston. Later the appellant shouted more profanity at Captain Houston and contemptuously left the office while Captain Houston was talking to him.

Appellant testified in his own behalf and stated that he had no intention of harming Captain Houston. He did admit that he left his chair and went to Captain Houston's desk and that he may have shaken his finger at her. Appellant stated that his finger protruded from his fist because his finger was permanently paralyzed. He also stated that he was yelling to get his point across. During cross-examination, the appellant acknowledged that he had three prior civilian convictions for housebreaking, grand larceny and possession of marihuana. Copies of the indictments relating to the housebreaking and grand larceny offenses and a copy of the conviction regarding the possession of marihuana offense were received in evidence by the military judge. The trial defense counsel initially made an unspecific objection to this evidence but later withdrew his objection to the trial counsel's cross-examination and evidence of previous convictions. The military judge did not state for the record the basis upon which he relied to admit the appellant's prior civilian convictions. The general court-martial order promulgating the results of the appellant's court-martial reflected that the military judge considered three prior convictions.

## ADMISSIBILITY OF APPELLANT'S PRIOR CONVICTIONS

The credibility of a witness, including the accused, may be impeached by evidence of a previous conviction but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted or (2) involved dishonesty or false statement. Mil.R.Evid. 609(a).[1] Further, a prior conviction which meets the requirements of Rule 609(a)(1) is admissible only if the military judge finds that the probative value of the prior conviction outweighs its prejudicial effect to the accused. Rule 609(a)(2) convictions are automatically admissible and there is no requirement that the military judge conduct a balancing test.[2] Appellant asserts that the evidence of his prior convictions for housebreaking, grand larceny, and possession of marihuana were not admissible under Rule 609(a)(2)

---

1. Military Rule of Evidence 609(a) reads as follows:

 For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record during cross-examination but only if the crime (1) was punishable by death, dishonorable discharge, or imprisonment in excess of one year under the law under which the witness was convicted, and the military judge determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused, or (2) involved dishonesty or false statement, re-

 gardless of the punishment. In determining whether a crime tried by court-martial was punishable by death, dishonorable discharge, or imprisonment in excess of one year, the maximum punishment prescribed by the President under Article 56 at the time of the conviction applies without regard to whether the case was tried by general, special, or summary court-martial.

2. Cf. United States v. Field, 625 F.2d 862, 871 (9th Cir. 1980) (no judicial discretion for excluding a prior conviction qualifying under Federal Rule of Evidence 609(a)(2)).

because those offenses did not involve dishonesty within the meaning of the Rule. Additionally, he asserts that the failure of the military judge to balance the probative value against the prejudicial effect of this evidence on the record precluded admissibility under Rule 609(a)(1).

Because of the automatic admissibility of the prior convictions described in Rule 609(a)(2), we shall discuss, first, whether the prior convictions offered to impeach the appellant meet the requirement of that Rule, i.e., "involve dishonesty or false statement."

Prerule military authority (paragraph 153 b(2)(b), Manual for Courts-Martial, United States, 1969 (Revised edition)) [hereinafter Manual] [3] offers little assistance in addressing this matter and we must look to the legislative history and decisional law interpreting the comparable Federal Rule [4] from which the Military Rule was patterned, with slight modification.[5]

During the debate on Federal Rule of Evidence 609(a)(2) Congress indicated:

By the phrase 'dishonesty and false statement' the Conference means crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully.

H.R.Conf.Rep.No. 93–1597, 93d Cong., 2d Sess. 9, *reprinted in* [1974] U.S.Code Cong. & Ad.News 7051, 7098, 7103. In *United States v. Smith,* 179 D.C.App. 162, 551 F.2d 348 (1976), the District of Columbia Circuit stated: "Congress clearly intended the phrase to denote a fairly narrow subset of criminal activity. Moreover, research into the derivation of the term 'crimen falsi' indicates that Congress's restrictive construction comports with historical practice.... Even in its broadest sense, the term 'crimen falsi' has encompassed only those crimes characterized by an element of deceit or deliberate interference with a court's ascertainment of truth." *Id.* at 362–63. *See also Government of Virgin Islands v. Toto,* 529 F.2d 278 (3d Cir. 1976). The civilian courts are not in complete agreement as to whether convictions for house-

---

**3.** Paragraph 153b(2)(b), Manual, provided in pertinent part:

A witness may be impeached by showing that he has been convicted by a civil or military court of a crime—that is, any offense of a civil or military nature—which involves moral turpitude or otherwise affects credibility...

The following convictions are among those which are considered to be convictions of offenses involving moral turpitude or otherwise affecting credibility:

(1) A conviction by court-martial of an offense for which a punishment of dishonorable discharge or confinement at hard labor for more than one year is authorized, whether or not such a punishment was actually adjudged.

(2) A conviction by a Federal civilian court of a felony, that is, of an offense punishable under the United States Code by confinement for more than one year, whether or not that punishment was actually adjudged.

(3) A conviction by any other court of an offense similar to an offense made punishable by the United States Code as a felony or of an offense characterized by the jurisdiction in question as a felony or as an offense of comparable gravity.

(4) A conviction of any offense involving fraud, deceit, larceny, wrongful appropriation, or the making of a false statement.

**4.** Federal Rule of Evidence 609(a) provides:

For the purpose of attacking the credibility of a witness, evidence that he had been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

*See generally* Annot., 39 A.L.R.Fed. 570 (1978); Saltzburg and Redden, Federal Rules of Evidence Manual 363 (3d ed. 1982).

**5.** *See generally* Saltzburg, Schinasi, and Schlueter, Military Rules of Evidence Manual 292 (1981); Schinasi and Green, "Impeachment by Prior Conviction: Military Rule of Evidence 609," The Army Lawyer, January 1981 at 1.

breaking,[6] larceny,[7] or narcotics[8] can be admitted to attack a witness' credibility under Federal Rule of Evidence 609(a)(2). The drafters of Military Rule of Evidence 609(a)(2) did not express an intent to narrow the categories of offenses admissible under the Military Rule; however, their analysis recognizes the narrow interpretation given the Federal Rule and suggests that "[p]ending further case development in the Article III courts, caution would suggest close adherence to this highly limited definition." Manual, Appendix 18, Analysis of the 1980 Amendments to the Manual for Courts-Martial, Rule 609, at A18–89.

■ We believe that the Military Rule should be construed to restrict the convictions involving "dishonest or false statement" to those convictions involving some element of untruthfulness or falsification which would tend to demonstrate that an accused would be likely to testify untruthfully.[9] Accordingly, appellant's prior civilian convictions for housebreaking, grand larceny and possession of marihuana are not technically within the concept of crimen falsi, and, therefore, were inadmissible under Rule 609(a)(2).

■ Evidence of a prior conviction which is not automatically admissible under Rule 609(a)(2) still may be admissible under Rule 609(a)(1) if the offense involved was punishable by imprisonment in excess of one year and the probative value of the conviction outweighs the resultant prejudice to the accused. *See United States v. Hayes,* 553 F.2d 824 (2d Cir.), *cert. denied,* 434 U.S. 867, 98 S.Ct. 204, 54 L.Ed.2d 143 (1977). This brings us to the question whether appellant's prior civilian convictions for housebreaking and larceny[10] are admissible under Rule 609(a)(1).

Appellant asserts that his housebreaking and larceny convictions were not admissible under Rule 609(a)(1) because the military judge did not make an on-the-record assessment that the probative value of the appellant's two prior civilian convictions offered to attack his credibility outweighed the prejudicial effect of those convictions.

■ In *United States v. Preston,* 608 F.2d 626 (5th Cir. 1978), the Fifth Circuit held that:

> Hastings, 577 F.2d 38 (8th Cir. 1978) (narcotics); *United States v. Thompson,* 559 F.2d 552 (9th Cir.), *cert. denied,* 434 U.S. 973, 98 S.Ct. 528, 54 L.Ed.2d 464 (1977) (marihuana).

**6.** Conviction admitted: *United States v. Bianco,* 419 F.Supp. 507 (E.D.Pa.1976), *aff'd mem.,* 547 F.2d 1164 (3d Cir. 1977) (breaking and entering). Not admitted: *United States v. Seamster,* 568 F.2d 188 (10th Cir. 1978) (burglary).

**7.** Conviction admitted: *United States v. Carden,* 529 F.2d 443 (5th Cir.), *cert. denied,* 429 U.S. 848, 97 S.Ct. 134, 50 L.Ed.2d 121 (petit larceny). Not admitted: *United States v. Fearwell,* 193 D.C.App. 386, 595 F.2d 771 (1978) (petit larceny); *United States v. Ashley,* 569 F.2d 975 (5th Cir.), *cert. denied,* 439 U.S. 853, 99 S.Ct. 163, 58 L.Ed.2d 159 (1978) (shoplifting); *United States v. Papia,* 560 F.2d 827 (7th Cir. 1977) (theft); *Government of Virgin Islands v. Toto,* 529 F.2d 278 (3d Cir. 1976) (petit larceny).

**8.** Conviction admitted: *United States v. Trejo-Zambrano,* 582 F.2d 460 (9th Cir.), *cert. denied,* 439 U.S. 1005, 99 S.Ct. 618, 58 L.Ed.2d 682 (1978) (felonious drug trafficking); *United States v. Ortiz,* 553 F.2d 782 (2d Cir.), *cert. denied,* 434 U.S. 897, 98 S.Ct. 277, 54 L.Ed.2d 183 (1977) (sale of heroin). Not admitted: *United States v. McLister,* 608 F.2d 785 (9th Cir. 1979) (possession of marihuana); *United States v. Gross,* 603 F.2d 757 (9th Cir. 1979) (smuggling and using heroin); *United States v.*

**9.** No conviction should be automatically disregarded because it does not qualify on its face as admissible under Military Rule of Evidence 609(a)(2). Support for admission may be found in the underlying circumstances involved in the offense which resulted in the conviction. *See e.g., United States v. Barnes,* 622 F.2d 107 (5th Cir. 1980), wherein the Fifth Circuit observed that, "some petty larceny offenses may involve dishonesty or false statement and some may not, and therefore it is necessary to look at the basis of the conviction to determine whether the crime embraced dishonesty." *Id.* at 110. *See also United States v. Papia,* 560 F.2d 827 (7th Cir. 1977).

**10.** Appellant's prior conviction for possession of marihuana did not meet the punishment criteria of Military Rule of Evidence 609(a)(1) as the offense involved was not punishable by imprisonment in excess of one year. His conviction for violating 21 U.S.C. § 844(a) (1978) only authorized a term of imprisonment of not more than one year.

[A] Trial Judge must make an on-the-record finding that the probative value of admitting a prior conviction outweighs its prejudicial effect before admitting a non-609(a)(2) prior conviction for impeachment purposes under Rule 609(a)(1). An on-the-record finding that probative value outweighs prejudicial effect is not merely an idle gesture. Such a finding insures that the Judge has at least taken into account the relevant considerations.

*Id.* at 639. Important factors which the military judge should consider in making his discretionary determination are: (1) the nature of the accused's prior conviction; (2) the age of the conviction; (3) the similarity between the offense charged and the prior conviction; (4) the importance of the accused's testimony; and (5) the importance of the credibility of the accused. *See United States v. Mahone,* 537 F.2d 922 (7th Cir.), *cert. denied,* 429 U.S. 1025, 97 S.Ct. 646, 50 L.Ed.2d 627 (1976); *United States v. Hawley,* 554 F.2d 50 (2d Cir. 1977). Many of the Federal circuit courts have encouraged trial judges to state for the record their probative/prejudicial balancing test assessment. *See, e.g., United States v. Fountain,* 642 F.2d 1083 (7th Cir.), *cert. denied,* 451 U.S. 993, 101 S.Ct. 2335, 68 L.Ed.2d 854 (1981); *United States v. Cunningham,* 638 F.2d 696 (4th Cir. 1981); *United States v. Hendershot,* 614 F.2d 648 (9th Cir. 1980); *United States v. Crawford,* 198 D.C.App. 312, 613 F.2d 1045 (1979); *United States v. Seamster,* 568 F.2d 188 (10th Cir. 1978); *United States v. Preston, supra; United States v. Mahone, supra.*

 We find that, although the military judge did not make an explicit on-the-record finding that the probative value of the appellant's two prior convictions outweighed their prejudicial effect, they were properly admitted for impeachment purposes under Rule 609(a)(1) and the appellant was not prejudiced thereby. Further-

more, in appellant's case, his trial defense counsel withdrew an initial unspecified "objection" and affirmatively thereafter declined to object to the impeachment evidence elicited by the trial counsel during cross-examination of the appellant or the records of prior convictions offered in evidence. Trial defense counsel cannot invoke Rule 609(a)(1) through his silence or an affirmative declination to object. Because the "specific objection" requirement of Rule 103(a)[11] was not complied with, the military judge was not required to deal with Rule 609(a)(1). Nonetheless, we do agree with the wisdom of the position that encourages trial judges to make an on-the-record exposition of the factors considered in their probative/prejudicial balancing test. However, where Rule 609(a)(1) is not invoked, the military judge's balancing will be presumed to be correct. *Cf. United States v. Long,* 574 F.2d 761, 766 (3d Cir. 1978).

 We must also address the issue of whether the military judge erred in receiving into evidence the appellant's prior conviction for possession of marihuana as it did not meet the qualifying criteria of either Rule 609(a)(1) or (a)(2). We conclude that the admission in evidence of that prior conviction was error, however, we also find that the error was waived by the failure of the trial defense counsel to make a timely objection. Mil.R.Evid. 103(a)(1). In fact, as was alluded to previously, trial defense counsel did not object to trial counsel's cross-examination of the appellant and affirmatively declined to object to the admission of any of the appellant's prior civilian convictions. This error does not rise to the level of "plain error" as is contemplated by Rule 103(d). *See United States v. Beaudion,* 11 M.J. 838 (ACMR), *pet. denied,* 12 M.J. 181 (CMA 1981).

## SUFFICIENCY OF THE EVIDENCE

 Appellant's two remaining assignments of error do not require lengthy

---

11. Military Rule of Evidence 103(a) provides in pertinent part:

Error may not be predicated upon a ruling which admits or excludes evidence unless the ruling materially prejudices a substantial right of a party, and

(1) *Objection.* In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context . . . .

discussion. He contends that the evidence is insufficient to support the finding of guilty of the offense of offering violence to his superior commissioned officer, Captain Houston, since her status as a female officer should not have allowed the Government to escalate appellant's essentially disrespectful behavior to the more aggravated crime of offering violence to a superior commissioned officer. Appellant asserts that Captain Houston could not reasonably apprehend immediate injury from the appellant. "The phrase 'offers any violence against him' comprises any form of battery or of mere assault not embraced in the . . . more specific terms 'strikes' and 'draws or lifts up.' If not executed, the violence must be physically attempted or menaced. A mere threatening in words is not an offering of violence in the sense of this article." Paragraph 169a, Manual. An assault by offer involves either an intentional act or culpably negligent act which places the victim in reasonable apprehension of immediate bodily harm. *United States v. Head,* 46 C.M.R. 709 (ACMR 1972); paragraph 207a, Manual. An assault by offer requires that the accused possess only the general intent to do the act which places the victim in reasonable apprehension of an immediate unlawful touching of the person. *United States v. Head, supra;* paragraph 207a, Manual. We find beyond a reasonable doubt that Captain Houston actually and reasonably apprehended she would suffer immediate bodily injury from the appellant, and therefore, the evidence of record is amply sufficient to support the appellant's conviction of offering violence to his superior commissioned officer.

## PROMULGATING ORDER

Appellant's final assignment of error is that the general court-martial order promulgating the results of appellant's court-martial incorrectly reflects that the military judge considered three previous convictions when it should reflect that he either considered two previous convictions or no previous convictions as none of the appellant's prior convictions were military convictions.

■ This assignment of error asks this Court to correct what is essentially an administrative rather than a judicial matter. Nevertheless, in the interest of economy we shall issue a correcting certificate directing that the entry following the appellant's sentence set out in the promulgating order read "(No previous convictions considered)." It should be noted that we agree with the Government in part that the promulgating order may reflect all of an accused's previous convictions, whether they be civilian or military convictions;[12] however, we do not agree that the promulgating order can reflect convictions that were introduced by the trial counsel prior to findings. Such convictions must be admitted pursuant to paragraph 75b(2), Manual, during presentencing proceedings following findings.

Accordingly, the findings of guilty and the sentence are affirmed.

Judge COHEN concurs.

FULTON, Senior Judge, concurring in the result:

I agree with the result reached by my Brothers, affirming the findings of guilty and the sentence, but prefer to put my reasoning on a somewhat different footing. Under Military Rule of Evidence 103(a), the lack of any meaningful objection by the trial defense counsel to the evidence of his client's previous convictions results in a failure to preserve that issue for appellate review. *See United States v. Blackshear,* 568 F.2d 1120 (5th Cir. 1978). However, Rule 103(d) provides that, even if the error was not brought to the attention of the military

12. Nothing contained in the then current Manual nor implementing Army regulations barred use of civilian convictions offered by trial counsel during presentencing proceedings. *Cf. United States v. Cook,* 10 M.J. 138 (CMA 1981). If there ever was a question, effective 1 August 1981, the President amended paragraph 75b(2) of the Manual to read in pertinent part: "The trial counsel may introduce evidence of prior military or civilian convictions of the accused." Exec. Order No. 12315, 3 C.F.R. 163 (1981). This amendment is currently found in Change 5 to the Manual.

judge, we may take notice of "plain errors that materially prejudice substantial rights." Mil.R.Evid. 103(d). Even so, I would not dwell on the questions whether or how the military judge should have admitted the evidence of previous convictions for I am fully convinced that this evidence did not influence even slightly the findings of guilty made by the military judge and, therefore, no substantial right was prejudiced. *See Kotteakos v. United States,* 328 U.S. 750, 764–65, 66 S.Ct. 1239, 1247–48, 90 L.Ed. 1557 (1946).

As for the recital in the order announcing the sentence that there were "Three previous convictions considered," examination of earlier court-martial manuals indicates to me that this administratively customary remark was meant to refer only to those brought forth at that point in the presentencing portion of the trial reserved for the entry of previous court-martial convictions. *See, e.g.,* Manual for Courts-Martial, 1917, para. 306 and App. 11 at 376; U.S. Dep't of Army, Technical Manual 27–255, Military Justice Procedure, para. 29, App. 2 at 211, App. 24 at 269 (1945). Now that civilian as well as military convictions are expressly made admissible at this point (see Manual for Courts-Martial, United States, 1969 (Revised edition), para. 75*b*(3) (1981)), one may suppose they should be included in the number of previous convictions cited in the promulgating order, but none at all were introduced or referred to at that point in appellant's trial. Accordingly, I agree that this erroneous administrative remark should be stricken from the promulgating order.