**Jackson Quincy REED, Petitioner—Appellant,**

**v.**

**D.L. RUNNELS; Attorney General of the State of California, Respondents—Appellees.**

No. 04–15209.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 11, 2005.

Decided Aug. 10, 2005.

Ann C. McClintock, Esq., Carolyn M. Wiggin, Esq., FPDCA—Federal Public Defender's Office, Sacramento, CA, for Petitioner–Appellant.

Jackson Quincy Reed, Susanville, CA, pro se.

Mathew Chan, Esq., Patrick J. Whalen, Esq., AGCA—Office of the California Attorney General, Department of Justice, Sacramento, CA, for Respondents–Appellees.

Before: BEEZER, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

## MEMORANDUM *

Petitioner Jackson Quincy Reed was convicted in 1999 in California of robbery and attempted robbery with the special allegation that a principal was armed with a firearm. Reed appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition.

Reed's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). We review de novo the district court's denial of a habeas petition. *Lockhart v. Terhune*, 250 F.3d 1223, 1228 (9th Cir.2001). AEDPA permits relief only if the state court decision was "contrary to" or "involved an unreasonable application of" clearly established law as determined by the Supreme Court. 28 U.S.C. § 2254(d).

### I

Reed argues that there was insufficient evidence to convict him because none of the witnesses could positively identify him as one of the robbers and because Hooper, a key witness, was not credible and did not have any direct knowledge that Reed was one of the robbers.

█ The state court correctly decided that, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Chein v. Shumsky*, 373 F.3d 978, 983 (9th Cir.2004) (en banc). Reed was in possession of a large quantity of Pep Dollars shortly after the robbery. *See United States v. Martin*, 459 F.2d 1009, 1010 (9th Cir.1972) (stating that "the fact of possession of recently stolen property permits inferences that the possessor was the thief"). Hooper saw a black automatic firearm in Reed's possession that matched

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the description of the firearm at the robbery. Although Hooper was impeached on several grounds, it still was within the exclusive province of the jury to determine her credibility. *United States v. Hubbard,* 96 F.3d 1223, 1226 (9th Cir.1996) (stating that "the reviewing court must respect the exclusive province of the fact finder to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts").

## II

Reed argues that his constitutional rights were violated by prosecutorial misconduct.

Although the prosecutor erred in disclosing the contents of the taped phone conversation between Reed and Hooper, *see United States v. Marques,* 600 F.2d 742, 749 (9th Cir.1979), the error did not "'so infect[ ] the trial with unfairness as to make the resulting conviction a denial of due process,'" *Darden v. Wainwright,* 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (quoting *Donnelly v. DeChristoforo,* 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974)). Defense counsel invited the prosecution's disclosure by implying that the tape would disclose that Hooper was lying. *See id.* at 182, 106 S.Ct. 2464 (giving "invited response" as one reason that the prosecutor's statements did not render the trial fundamentally unfair). The trial court gave the curative instruction that "[s]tatements made by the attorneys during the trial are not evidence." *See id.* (giving curative instruction as another reason).

The prosecutor's statements that Reed asked Hooper within a week of the trial to "alibi him" and that the tape was withheld on relevance grounds instead of hearsay grounds were isolated mistakes and were too minor, by themselves or combined, to have infected the trial as a whole with unfairness.

Reed's argument fails under AEDPA because the California Court of Appeal's rejection of Reed's prosecutorial misconduct claim was a reasonable application of *Darden v. Wainwright.*

## III

Reed argues that his right to effective assistance of counsel was violated because defense counsel failed to impeach Hooper on the basis of her transactional immunity. Because Hooper's credibility was already effectively challenged by defense counsel's impeachment of Hooper on her previous lies, her motivation for lying at trial, and her prior convictions, it is unlikely that her testimonial immunity would have changed the jurors' minds about Hooper's credibility or about Reed's guilt. *See Davis v. Woodford,* 384 F.3d 628, 641–42 (9th Cir.2004). The state court correctly decided that the failure to impeach Hooper further was not prejudicial. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

## IV

Reed moved for new counsel to argue his motion for a new trial based on the ineffective assistance of trial counsel in failing to further impeach Hooper. The trial court refused the request, requiring trial counsel to argue his own ineffectiveness. Reed argues that the refusal to appoint a new attorney for the motion violated Reed's rights to effective assistance of counsel.

"To establish a Sixth Amendment violation, [a petitioner] must show 'an actual conflict of interest adversely affected his lawyer's performance.'" *United States v. Del Muro,* 87 F.3d 1078, 1080 (9th Cir. 1996) (quoting *Cuyler v. Sullivan,* 446 U.S. 335, 350, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980)).

Although we presume that this type of conflict affects counsel's performance when the trial court orders an evidentiary hearing, requiring counsel to examine witnesses or otherwise develop evidence against counsel's own performance, no such presumption exists when a trial court does not require an evidentiary hearing. *Id.* at 1080–81 & n. 4; *see also Jackson v. Ylst,* 921 F.2d 882, 887–88 (9th Cir.1990) (refusing to create a new rule on habeas review that a trial court should automatically appoint new counsel if a motion for a new trial relies on an ineffective assistance of counsel claim because to do so would violate *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989)). Here, the trial court conducted a hearing but did not require new evidence or witnesses. At the hearing, counsel adequately argued the motion for a new trial, emphasizing the importance of Hooper's testimony to the case. Reed cannot show that the conflict of interest adversely affected his lawyer's performance.

## V

Reed's final argument, which is uncertified, is that his sentence violates *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), because the trial court used facts not decided by a jury to impose an upper term sentence and consecutive sentences. We deny the request to expand the certificate of appealability.

AFFIRMED.