# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 26, 2020

Lyle W. Cayce
Clerk

No. 20-40201
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Carl Swanger,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:19-CR-423-1

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Carl Swanger was convicted by a jury of one count of conspiracy to transport an undocumented alien within the United States and two counts of transporting an undocumented alien within the United States, 8 U.S.C. § 1324(a)(1)(A)(ii), (v)(I). The district court sentenced him to concurrent

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40201

terms of 48 months in prison and three years of supervised release.  He now appeals on grounds that the district court abused its discretion by allowing the jury to hear evidence of his prior conviction of conspiracy to manufacture methamphetamine.

Prior to Swanger testifying, his counsel argued that the Government should not be allowed to impeach him with his prior conviction because its prejudicial effect would outweigh its probative value in violation of Federal Rule of Evidence 609(a)(1)(B).  The Government disagreed, and the district court held that the probative value of the prior conviction had general impeachment value as to Swanger's credibility and would outweigh any prejudicial effect because the substance of the crime would not be discussed and it would instruct the jury that the prior conviction should be considered for its limited impeachment value and nothing more.[1]

A district court's ruling on an evidentiary matter is reviewed for abuse of discretion.  *See United States v. Privett*, 68 F.3d 101, 105 (5th Cir. 1995). Here, the district court did not abuse its discretion because Swanger's prior conviction is not similar to his current one, the resolution of this matter largely turned on Swanger's credibility because his testimony contradicted the testimony of the Government's witnesses, and the district court instructed the jury that Swanger's prior conviction was non-dispositive evidence of his credibility and nothing else.  *See United States v. Breckenridge*, 782 F.2d 1317, 1323 (5th Cir. 1986); *United States v. Barnes*, 622 F.2d 107, 109 (5th Cir. 1980); *United States v. Turner*, 960 F.2d 461, 465 (5th Cir. 1992). Therefore, the district court's judgment is AFFIRMED.

---

[1] Although the district court initially limited the impeachment evidence to Swanger's status as a convicted felon, Swanger's counsel, then the Government, asked him details of the prior conviction.