UNITED STATES of America,
Plaintiff-Appellee,

v.

Willie Lee SEAMSTER,
Defendant-Appellant.

No. 77–1329.

United States Court of Appeals,
Tenth Circuit.

Submitted Nov. 21, 1977.

Decided Jan. 3, 1978.

John E. Green, Acting U. S. Atty., and William S. Price, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff-appellee.

Dennis H. Gunther, Westminster, Colo., for defendant-appellant.

Before SETH, Chief Judge, and PICKETT and BARRETT, Circuit Judges.

PICKETT, Circuit Judge.

Sometime after 8 p. m. on January 11, 1977, the windows of six automobiles that were parked in the same area at Ft. Sill were broken and CB radios and other property stolen from them. Ft. Sill is a United States Military Reservation located near Lawton, Oklahoma. About 1:30 a. m. on January 12, 1977, appellant Seamster and Warner Hayward McMillion were arrested by Lawton police for a traffic violation. When first observed by the police Seamster was driving an automobile owned by McMillion. At the time of the arrest the radios and other property which had been stolen from the automobiles at Ft. Sill were

found in the back seat of the McMillion car. Seamster and McMillion were jointly charged in a six-count indictment with second degree burglary on a military reservation in violation of Oklahoma Statutes, 21 O.S.A. § 1435. McMillion pleaded guilty to one count of the indictment and the remaining counts were dismissed. Upon trial to a jury, Seamster was convicted on all six counts and duly sentenced. The only assignment of error on appeal is that the trial court abused its discretion in allowing the prosecution to question Seamster on cross-examination as to prior convictions relating to offenses the same as those for which he was being tried.

At the trial it was established by the owners of the automobiles which had been broken into in the same area at Ft. Sill on the evening of January 11, 1977, that the last of the six automobiles was parked at about 8 p. m. on that date. The robberies were discovered by the owners early the next morning. McMillion, testifying for the government, said that he and Seamster were together on January 11 from about 5 p. m. until they were arrested. He further testified that he and Seamster went to the parking lot at Ft. Sill about midnight of January 11, broke into six automobiles, and stole the property which was found by the police in his car. Testifying in his own defense, Seamster, a long-time friend of McMillion, recounted their association on January 11, stating that he first met him at about 5 p. m. and that they were together for only a short time. He further testified that they again joined each other sometime between 6:30 and 7:30 p. m. and remained together until arrested. Seamster denied his participation in the robbery and disclaimed any knowledge or possession of the stolen property. At the conclusion of the cross-examination of Seamster, the following occurred:

Q. (By Mr. Price) Are you a convicted felon?

MR. BOURK: Your Honor, we will object to that, 609A.

THE COURT: It only goes to the credibility of the witness. Overruled. And I say to the jury, if he has had, it has

nothing to do with this, the charge in this case, but it only serves as to the credibility of this witness. You may answer.

A. (The Witness) Yes, sir.

Q. (By Mr. Price) Were you not convicted of the felony of burglary in the second degree by a jury in Lawton, Oklahoma, in which you were represented by counsel on January 15, 1975?

MR. BOURK: Your Honor, we object to this question on the same grounds.

THE COURT: Yes, sustained. You need not go into detail.

Q. (By Mr. Price) Were you not convicted of burglary in the second degree?

THE COURT: Yes, he has answered that; and it only goes, ladies and gentlemen of the jury, to the credibility of this witness' testimony. It has nothing whatsoever to do and you cannot consider it in any way with reference to the charge in this court.

Q. (By Mr. Price) Were you not also convicted in Frederick, Oklahoma on March 4, 1975 of burglary second degree?

MR. BOURK: Your Honor, we object to the question and ask that the answer not be given under 609A.

THE COURT: Overruled.

A. (The Witness) Yes.

MR. PRICE: No further questions.

Before submission of the case to the jury, after a discussion with counsel for Seamster and the government concerning the prior conviction evidence, the court stated:

Well, the Court has heard the testimony of the Defendant Seamster last afternoon and of course for about an hour this morning, and based on the total of the evidence before the Court and before the jury and the total evidence of Mr. Seamster, the Court has no trouble in finding that the probative value in the trial of this case is of far more importance to the jury and to the administration of justice, and far outweighs the prejudice, if any.

I don't think that saying he was convicted twice for burglary has damaged or prejudiced the defendant under all the circumstances to any degree. His testi-

mony from beginning to end is quite weak.

It is argued that the burglary charges involved in the case are not crimes of "dishonesty and false statement" as the term is used in Rule 609(a)(2) of the Federal Rules of Evidence, and that the court abused its discretion in permitting cross-examination of Seamster as to similar prior convictions.

In fixing the conditions under which prior convictions of a witness may be shown to attack the credibility of a witness, Rule 609 refers to two categories: (1) General felonies, and (2) those involving dishonesty and false statement. General felony convictions are admissible only after the trial court has determined that the probative value of the evidence outweighs the prejudicial effect upon a defendant. All convictions involving dishonesty and false statements are admissible as they are considered to affect credibility. When the issue arises, the trial court must first determine into which category of crimes the prior conviction falls. If it is found to be a general felony, there must be a determination as required by 609(a)(1) and a finding made. In *United States v. Wolf*, 561 F.2d 1376 (10th Cir. 1977), we noted that Rule 609 made a significant change in the law of this circuit as it related to use of prior convictions to test the credibility of a witness, particularly a defendant in a criminal case.[1] In the *Wolf* case we did not have occasion to consider the nature of crimes which would be included in the term, "dishonesty and false statement."

In Congress, the original House bill provided that only prior convictions involving dishonesty or false statement could be used to attack the credibility of a witness. The Senate had different views and the most general provisions of Rule 609 as it now exists are the result of a conference committee compromise. With reference to 609(a)(2), the report of the conference committee report states:

By the phrase "dishonesty and false statement" the Conference means crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully.

The admission of prior convictions involving dishonesty and false statement is not within the discretion of the Court. Such convictions are peculiarly probative of credibility and, under this rule, are always to be admitted. Thus, judicial discretion granted with respect to the admissibility of other prior convictions is not applicable to those involving dishonesty or false statement. (4 U.S.Cong. & Admin.News 1974, p. 7103)

■ Generally, the courts which have had occasion to consider the question have agreed upon the class of crimes that are included within the term "dishonesty and false statement" as used in Rule 609(a)(2). Of course, robbery, burglary and theft are ordinarily considered to be dishonest, but the term as used in Rule 609(a)(2) is more restricted. We think the legislative history of this provision shows that Congress intended to limit the term to prior convictions involving some element of deceit, untruthfulness or falsification which would tend to show that an accused would be likely to testify untruthfully. To come within Rule 609(a)(2) the convictions must have some bearing on the credibility of the witness. In *United States v. Smith*, 179 U.S.App.D.C. 162, 551 F.2d 348 (1976), after a review and an analysis of the complete legislative history of Rule 609, including Congressional debates, it was held that crimes such as robbery and other crimes of violence were not within the provisions of Rule 609(a)(2).[2] In

---

1. In *United States v. Williams*, 445 F.2d 421 (10th Cir.), cert. denied, 404 U.S. 966, 91 S.Ct. 342, 30 L.Ed.2d 286 (1971), we held that it was within the discretion of the trial court to admit evidence of all prior convictions to test the

credibility of a defendant. See also *United States v. Smith*, 521 F.2d 374 (10th Cir. 1975).

2. Judge Weinstein of the Eastern District of New York, in *United States v. Jackson*, 405 F.Supp. 938 (1975), wrote extensively on the

*United States v. Papia,* 560 F.2d 827 (7th Cir. 1977), the general meaning of dishonesty was also discussed and it was concluded from the legislative history of 609(a)(2) that a more restricted definition was intended. The court stated, at 846:

> . . . Because the crime of larceny or theft is neither enumerated above nor encompassed by the strict meaning of the term "crimen falsi," an inference arises that Congress intended the term "dishonesty" in Rule 609(a)(2) to mean something more than a man's propensity to steal what does not belong to him.

See also *United States v. Ortega,* 561 F.2d 803 (9th Cir. 1977); *United States v. Ortiz,* 553 F.2d 782 (2d Cir. 1977); *United States v. Hayes,* 553 F.2d 824 (2d Cir. 1977); *United States v. Mahone,* 537 F.2d 922 (7th Cir. 1976), cert. denied, 429 U.S. 1025, 97 S.Ct. 646, 50 L.Ed.2d 627; *Government of the Virgin Islands v. Toto,* 529 F.2d 278 (3d Cir. 1976). Although Rule 609 applies to all witnesses, the questions usually arise when a defendant in a criminal case is a witness in his own behalf.

We conclude that the prior convictions of burglary offered as impeaching evidence in this case were not automatically admissible under Rule 609(a)(2). This would not exclude theft cases arising out of fraudulent and deceitful conduct which might bring them within the ambit of Rule 609(a)(2). When such an issue arises, the trial court could determine the question on a case by case basis.

This brings us to the question of whether the two prior convictions of Seamster were admissible under 609(a)(1). We recognize that proof of prior convictions of a defendant for crimes identical or similar to the one for which he is being tried should be carefully scrutinized by the trial court in determining whether the probative value of such evidence outweighs the prejudice to the defendant. *United States v. Puco,* 453 F.2d 539 (2d Cir. 1971), cert. denied, 414 U.S. 844, 94 S.Ct. 106, 38 L.Ed.2d 82 (1973); *United States v. Isaac,* 145 U.S.App.D.C. 378, 449 F.2d 1040 (1971); *Gordon v. United States,* 127 U.S.App.D.C. 343, 383 F.2d 936 (1967), cert. denied, 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed.2d 287 (1968). The issue here did not arise until after the court had heard all the material evidence. We are satisfied that on the record of this case the findings of the trial court were not erroneous.[3] The case did not turn on the question of whether the jury should believe Seamster or his accomplice, as Seamster's own evidence showed that he was continuously with his accomplice prior to the burglaries and until they were arrested in possession of the stolen property.

AFFIRMED.

---

rule, its purpose, and some of the problems that a trial judge encounters in applying it. Judge Elfvin disagreed to some extent with Judge Weinstein in *United States v. Brown,* 409 F.Supp. 890 (W.D.N.Y.1976), but his discussion also illustrates the problems confronting trial judges in making the Rule 609(a)(1) determinations.

**3.** In *United States v. Mahone,* supra, a pretrial motion was made to exclude evidence of former conviction of the defendant. After hearing arguments of counsel for the parties regarding the nature of the prior conviction and its possible prejudice to the defendant, the motion was overruled. The court approved the procedure, but stated:

In the future to avoid the unnecessary raising of the issue of whether the judge has meaningfully invoked his discretion under Rule 609, we urge trial judges to make such determinations after a hearing on the record, as the trial judge did in the instant case, and to explicitly find that the prejudicial effect of the evidence to the defendant will be outweighed by its probative value. When such a hearing on the record is held and such an explicit finding is made, the appellate court easily will be able to determine whether the judge followed the strictures of Rule 609 in reaching his decision. 3 J. Weinstein, *Evidence* ¶ 609[03] at 609–78 (1975). (537 F.2d, at 929)