639 P.2d 335

**The STATE of Arizona, Appellee,**

v.

**John William MALLOY, Appellant.**

**No. 2 CA–CR 2184.**

Court of Appeals of Arizona,
Division 2.

Feb. 24, 1981.

Rehearing Denied April 1, 1981.

Review Granted April 21, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.

Richard S. Oseran, Pima County Public Defender by Frank P. Leto, Asst. Public Defender, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant was convicted by a jury of burglary, third-degree, and sentenced to imprisonment for two years.

He contends on appeal (1) that the trial court erred in refusing to instruct the jury on the lesser-included offense of criminal trespass and (2) that the trial court erred in denying his motion in limine which sought the exclusion, for impeachment purposes, of a prior misdemeanor conviction for at-

tempted third-degree burglary.[1] While we do not agree that the trial court erred in its failure to give the requested instruction, we do hold that reversible error occurred when it denied appellant's motion in limine.

At approximately 10:30 a. m. on Saturday, April 19, 1980, Leonard Scheff, a Tucson attorney, was at his office. Upon hearing two noises in another part of the building, he went to investigate. Upon entering an adjacent office, he saw appellant outside a window. Glass was scattered throughout the room and a rock was resting by the fireplace. Scheff observed appellant pick glass from the top of the window frame and saw him bend the upper half of his body into the top frame of the window.

Scheff called the police and returned to find appellant still standing outside the window. A few minutes later Officer Vaughn of the Tucson Police Department arrived. He went to the rear of the building, observed appellant pulling glass from the window frame and approached him. Appellant told Officer Vaughn that he was seated under a tree when he observed a Mexican male break the window and go inside the building. Appellant went to the window to catch the man and was looking inside when the officer arrived. The building was searched but no Mexican male was located.

■ Appellant complains he was entitled to an instruction on second-degree criminal trespass because it is a lesser-included offense of third-degree burglary. Assuming, arguendo, that it is, the instruction was properly denied. If the jury had believed appellant's explanation, he would not have been guilty of anything. An instruction on a lesser-included offense is not justified where the record is such that a defendant can only be guilty of the crime charged or no crime at all. *State v. Lombardo*, 104 Ariz. 598, 457 P.2d 275 (1969); *State v. Starr*, 119 Ariz. 472, 581 P.2d 706 (App.1978).

The trial court denied appellant's motion to exclude the misdemeanor conviction because it was of the opinion that it involved dishonesty and was therefore admissible under Rule 609(a), Arizona Rules of Evidence, which states:

"For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record, if the court determines that the probative value of admitting this evidence outweighs the prejudicial effect, and if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted or (2) *involved dishonesty or false statement, regardless of the punishment.*" (Emphasis added)

■ Our rule was adopted from Rule 609(a)(2) of the federal rules. We believe that federal cases on this issue are not only instructive but are correct. The phrase "dishonesty and false statement" means crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing upon the accused's propensity to testify truthfully. Burglary does not come within the meaning of the phrase. *United States v. Seamster*, 568 F.2d 188 (10th Cir. 1978); *State v. McClellan*, 125 Ariz. 595, 611 P.2d 948 (App.1980). The state's reliance on our case of *State v. Becerill*, 124 Ariz. 535, 606 P.2d 25 (App.1979) for the proposition that burglary bears on the appellant's honesty is misplaced. We were not construing the meaning of Rule 609(a)(2) in *Becerill*. Of course, robbery, burglary and theft are ordinarily considered to be dishonest, but the term as used in Rule 609(a)(2) is more restricted. *United States v. Seamster*, supra.

Because of the trial court's ruling on the prior conviction, appellant did not take the

1. Appellant pled guilty to a class 6 felony but was convicted of a class 1 misdemeanor pursu-
ant to A.R.S. Sec. 13–702(G).

witness stand. The trial court's action in denying the motion constituted reversible error.

Reversed and remanded for new trial.

HATHAWAY, C. J., and BIRDSALL, J., concur.