639 P.2d 315

**STATE of Arizona, Appellee,**

v.

**John William MALLOY, Appellant.**

**No. 5284–PR.**

Supreme Court of Arizona,
In Banc.

Dec. 18, 1981.
Rehearing Denied Jan. 20, 1982.

Robert K. Corbin, Atty. Gen., by William J. Schafer, III, Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.

Richard S. Oseran, Pima County Public Defender by Frank P. Leto, Asst. Public Defender, Tucson, for appellant.

STRUCKMEYER, Chief Justice.

Appellant, John William Malloy, was convicted of burglary in the third degree and sentenced to two years' imprisonment. The Court of Appeals, Division Two, reversed and remanded to the Superior Court for a new trial. 131 Ariz. 145, 639 P.2d 335 (App.1981). This Court granted review. A.R.S. § 12–120.24; Rule 31.19, Rules of Criminal Procedure, 17 A.R.S. Opinion of the Court of Appeals vacated. Judgment of the Superior Court reversed.

On April 19, 1980, Attorney S. Leonard Scheff, while working in his office located at 325 W. Franklin, Tucson, Arizona, heard a noise which sounded like breaking glass. Upon investigation, he saw an individual, later identified as appellant, picking glass out of the window frame of Stotler and Company, a commodity exchange located in the same building. When Scheff saw that the appellant was about to enter the building, he called the police. Shortly thereafter, Officer Vaughan of the Tucson Police Department arrived and placed the appellant under arrest.

Prior to the start of trial, the appellant requested that the court rule whether it would permit evidence of appellant's prior conviction for attempted burglary in the third degree to be used for impeachment purposes should he decide to take the stand on his own behalf. The court ruled that the prior conviction was admissible for impeachment purposes. Appellant did not therefore take the witness stand. The ruling of the court is assigned as error.

Rule 609(a), Rules of Evidence, 17A A.R.S., governs the admissibility of evidence on prior convictions for impeachment purposes. It provides:

"For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record, if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect, and if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted or (2) involved dishonesty or false statement regardless of the punishment."

Preliminarily, the State argues that appellant's prior conviction is within the scope of Rule 609(a)(1) and is admissible regardless of whether it is considered a crime involving dishonesty or false statement.

The Arizona Rules of Evidence are patterned on the Federal Rules of Evidence. The Advisory Committee's notes to the Federal Rules indicate that section (1) of Rule 609(a) was meant to encompass those offenses serious enough to be considered felonies. See Fed.R.Evid. 609, Advisory Committee Notes (28 U.S.C.A.). In this case, appellant's prior conviction was for attempted burglary in the third degree. Under Arizona's criminal code, the decision whether attempted burglary in the third degree is an offense serious enough to be considered a felony rests within the trial judge's discretion.[1] The trial judge who

---

1. The punishment for an attempt is based upon the punishment which could have been imposed had the crime been completed. A.R.S. § 13–1001(C). Under A.R.S. § 13–1506, burglary in the third degree is a class (5) felony. Therefore, attempted burglary in the third degree is a class (6) felony. A.R.S. § 13–1001(C)(5). A.R.S. § 13–702(G) states: "Notwithstanding any other provision of this title, if a person is convicted of any class (6) felony not involving the intentional or knowing infliction of serious physical injury or the use of a deadly

presided over appellant's former trial did not consider his attempted burglary offense serious enough to constitute a felony, and entered judgment for a class (1) misdemeanor for which the maximum sentence was six months. A.R.S. § 13–707(1). Hence, it is clear that the appellant's prior conviction does not come within Rule 609(a)(1) and is admissible, if at all, only under Rule 609(a)(2).

Rule 609(a)(2) limits the admissibility of convictions for misdemeanors to those involving dishonesty or false statement. What misdemeanor convictions involve dishonesty or false statement is a question to which this Court has not spoken. Both divisions of the Court of Appeals have considered the issue and have held that burglary is not such a crime. See *State v. Malloy,* 131 Ariz. 145, 639 P.2d 335 (App.1981). *State v. Johnson,* 132 Ariz. 5, 643 P.2d 708 (Ariz.App.1981). Both courts relied upon the federal courts' interpretation of the federal counterpart to Rule 609, limiting its scope to crimes such as perjury, subornation of perjury, false statement, criminal fraud, embezzlement, false pretense, and other offenses in the nature of *crimen falsi,* the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully. See *United States v. Smith,* 551 F.2d 348, 362 (D.C.Cir.1976). After examining the purpose and history of Rule 609, we agree that the phrase "dishonesty or false statement" should be construed narrowly to include only those crimes involving some element of deceit, untruthfulness, or falsification.

Criminal acts such as theft and robbery commonly carry a connotation of dishonesty. Rule 609 is, however, concerned with those crimes which establish the trait of untruthfulness. Rule 609(a)(1) recognizes that all felonies have some probative value

in determining a witness' credibility upon the theory that a major crime entails such an injury to and disregard of the rights of other persons that it can reasonably be expected the witness will be untruthful if it is to his advantage. The perpetrator of a major criminal act has demonstrated such a lack of scruples as to show a willingness to give false testimony. See Fed.R.Evid. 609, Advisory Committee Notes (28 U.S.C.A.).

Prior to the adoption of the Rules of Evidence, it was the rule in Arizona that convictions for misdemeanors were not admissible for impeachment. *State v. Daymus,* 90 Ariz. 294, 302–303, 367 P.2d 647 (1961). Although 609(a)(2) departs from this approach in part, it does not give a trial judge unlimited authority to admit evidence of *all* prior misdemeanor convictions. See Preliminary Draft of Proposed Rules of Evidence for the United States District Courts and Magistrates (March 1969 Draft). See also, *Government of the Virgin Islands v. Toto,* 529 F.2d 278, 281 (3d Cir. 1976); *United States v. Montgomery,* 126 F.2d 151, 155 (3d Cir.), *cert. denied,* 316 U.S. 681, 62 S.Ct. 1268, 86 L.Ed. 1754 (1942).

It is true that Arizona's 609(a) differs from that of its federal counterpart in that it gives the trial judge discretion to exclude evidence of prior misdemeanor convictions involving dishonesty or false statement if he determines that the prejudicial nature of the conviction outweighs its probative value. See Gaffney and Cohen, *The New Practice in Cross Examination of A Character Witness Under Arizona Rules of Evidence, 405(a),* 1978 Ariz.St.L.J. 31, 42 n. 71. Because of this difference, the State argues for an interpretation of 609(a)(2) which would allow evidence of misdemeanor convictions other than those involving deceit or falsification to be admitted, leaving it to the trial judge to exclude misdemeanor convictions with low probative value. We, however, are not convinced. Misdemeanors

---

weapon or dangerous instrument and if the court, having regard to the nature and circumstances of the crime and to the history and character of the defendant, is of the opinion that it would be unduly harsh to sentence the

defendant for a felony, the court may enter judgment of conviction for a class (1) misdemeanor and make disposition accordingly * *."

which do not contain an element of deceit or falsification are not simply low in probative value, but more often than not wholly lack such probative value. Moreover, in this class of cases, whatever residuary relevance a witness' conviction for a misdemeanor not involving deceit or falsification may have on the question of his credibility, it is likely to be outweighed by its prejudicial effect. See *United States v. Evans*, 398 F.2d 159, 164 (3d Cir. 1968).[2]

■ In this case, the appellant's prior conviction was for attempted burglary in the third degree. A person commits burglary in the third degree by "entering or remaining unlawfully in a nonresidential structure or fenced commercial yard with the intent to commit any theft or any felony therein." A.R.S. § 13–1506. The crime of burglary does not necessarily involve an element of deceit or falsification and, consequently, is not admissible under Rule

609(a)(2). See *United States v. Seamster*, 568 F.2d 188, 190–91 (1977).

■ We are aware that some jurisdictions have held that burglary is a crime involving dishonesty or false statement. See *Bates v. United States*, 403 A.2d 1159 (D.C.Ct.App.1979); *State v. Thomas*, 220 Kan. 104, 551 P.2d 873, 876 (1976); *Stiles v. Commonwealth*, 570 S.W.2d 645 (Ky.App. 1978); *Commonwealth v. Kahley*, 467 Pa. 272, 356 A.2d 745, 753 (1976), *cert. denied*, 429 U.S. 1044, 97 S.Ct. 746, 50 L.Ed.2d 757 (1977). However, the interpretation of the phrase "dishonesty or false statement" adopted here is the more consistent with the pre-code practice of completely excluding evidence of prior misdemeanor convictions, and at the same time has the advantage of being in conformity with the current federal practice.[3] We hold, therefore, that a prior misdemeanor conviction is admissible under 609(a)(2) only if the convic-

---

**2.** One reason which is given for the narrow interpretation in the federal courts of the phrase "dishonesty or false statement" is that federal trial judges do not have discretion to exclude the evidence for want of probative value. See *United States v. Fearwell*, 595 F.2d 771, 777 (D.C.Cir.1978). *However, the history of Rule 609(a) indicates that the term "dishonesty or false statement" as used in the original committee draft referred only to misdemeanors, and was therefore meant to include only a narrow class of crimes.* See Rules of Evidence, Preliminary Draft of Proposed Rules of Evidence for the United States District Courts and Magistrates (March 1969 Draft).

The Rule was subsequently amended by the Committee to reflect the approach to the use of prior convictions in *Luck v. United States*, 348 F.2d 763 (D.C.Cir.1965), and *Gordon v. United States*, 383 F.2d 936 (D.C.Cir.1967), *cert. denied*, 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed.2d 287 (1968). There, the trial judge was given discretion to exclude prior convictions where the prejudice of admitting them would outweigh their probative value. See *Revised Draft of Proposed Rules of Evidence for the United States Courts and Magistrates*, 51 F.R.D. 315, 391 (1971). This is the version of Rule 609(a) which was adopted for use in Arizona. It is to be noted that the phrase "dishonesty or false statement" still refers only to misdemeanors.

Following the promulgation of the 1971 redraft, the Committee learned that Congress, in legislating for the District of Columbia, specifically rejected this version of the Rule. The Committee redrafted the Rule, changing it to read as it did in the original draft permitting no

judicial discretion. See Saltzburg & Redden, Federal Rules of Evidence Manual 340 (1977).

When the federal Rules of Evidence were submitted to Congress for its approval, there was substantial debate over Rule 609. From this debate, emerged the current federal version of Rule 609(a). See Weinstein & Berger, Weinstein's Evidence 609–2–609–43 (1981). Under this Rule, the trial judge does not have discretion to exclude crimes involving dishonesty or false statement whether the prior conviction was for a misdemeanor or a felony. All other felonies are admissible only after the trial judge first determines that their probative value outweighs their prejudicial impact on the defendant. See *United States v. Hayes*, 553 F.2d 824, 827 (2d Cir.), *cert. denied*, 434 U.S. 867, 98 S.Ct. 204, 54 L.Ed.2d 143 (1977).

Thus, while the fact that the federal trial judge lacks discretion to exclude evidence of prior convictions involving dishonesty or false statement is one reason for interpreting that phrase narrowly, the fact that the phrase as used in the Arizona version of Rule 609(a) refers only to misdemeanors is another reason for adopting a narrow construction.

**3.** See Kaufman, *The Arizona Rules of Evidence—A Comparison With The Federal Rules*, 1977 Ariz.St.L.J. 365, 366, in which the author states that the Arizona Rules of Evidence, 17A A.R.S., were modeled after the Federal Rules with the hope that evidence practices would be similar in state and federal court and that federal case law would be useful in Arizona.

tion is for an offense which involved an element of deceit or falsification.

■ Nor do we find that the trial court's ruling was harmless error. *Harrington v. California*, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed. 284 (1969); *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed. 705 (1967). The test for reversible error is "whether there was a reasonable probability under such facts that the verdict might have been different had the error not been committed." (Citation omitted.) *State v. Jessen*, 130 Ariz. 1, 633 P.2d 410, 416 (1981); *State v. McVay*, 127 Ariz. 450, 453, 622 P.2d 9 (1980).

In this case, the appellant intended to present his defense through his own testimony, denying that he had committed the burglary and explaining his presence at the scene of the crime. Because of the trial court's erroneous ruling, as the lesser of two evils the appellant decided not to take the stand. He was, therefore, unable to present this defense. It is true that a police officer in testifying for the State related the appellant's version of the facts. We do not, however, consider this to be an adequate substitute for the appellant's own testimony. It is a widely recognized fact that an accused's failure to testify may be misunderstood by the jury since from silence guilt may be inferred. See McCormick, Law of Evidence, § 43, P. 89 (1972 ed.). Here, the probability of prejudice was increased. The jury, having heard the officer's testimony, could not but wonder why appellant did not personally take the stand to deny his guilt.

Appellant also argues that the trial court erred by refusing to instruct the jury on the offense of criminal trespass.

■ Rule 23.3, Rules of Criminal Procedure, 17 A.R.S., states: "Forms of verdicts shall be submitted to the jury for all offenses necessarily included in the offense charged or an offense necessarily included therein, if such attempt is an offense." An instruction on a lesser offense is considered proper under Rule 23.3, Rules of Criminal Procedure, 17 A.R.S., if the crime is a lesser

included offense to the one charged and if the evidence otherwise supports the giving of the instruction. *State v. Dugan*, 125 Ariz. 194–95, 608 P.2d 771 (1980).

The question whether criminal trespass in the second degree is a lesser included offense of burglary in the third degree under the present criminal code is one of first impression. Both the trial court and the Court of Appeals avoided the question by finding that the evidence did not support the giving of an instruction on criminal trespass in the second degree. We disagree.

■ We have previously held that an instruction on a lesser included offense is proper if on the facts of a case there are issues which would enable the jury rationally to find that although all the elements of the crime charged were not proved, all the elements of another or other lesser offenses had been. See *State v. Dugan*, 125 Ariz. at 195, 608 P.2d 771, *quoting Sansone v. United States*, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965). The determination which must be made before an instruction on a lesser included offense is proper is whether on the evidence the jury could rationally find that the state failed to prove an element of the greater offense. It must be an element which necessarily distinguishes the greater from the lesser. *State v. Dugan*, 125 Ariz. at 196, 608 P.2d 771.

Appellant argues that burglary in the third degree, the more serious offense, requires an intent to commit theft or any felony, A.R.S. § 13–1506, and that criminal trespass in the second degree, the asserted lesser included offense, does not have such an element, A.R.S. § 13–1503. Hence, if the jury could reasonably find that the State failed to prove the element of intent to commit theft or any felony, but did in fact prove all other elements, the jury could return a guilty verdict for criminal trespass.

The record reveals two conflicting sets of facts. The witness, Scheff, testified that when he went to investigate the noise, he saw appellant picking glass from the window frame at Stotler and Company. He subsequently saw appellant extend his body into the window. Appellant's story to the

officer was that he had been seated northwest of the building for some time, and that he had seen a Mexican male break the window and go inside the building. Appellant then got up and walked over to the window to try to catch the person. From this conflicting evidence, the jury could have found that the State failed to prove the distinguishing element of intent necessary to sustain a conviction for burglary in the third degree.

◼ The law in Arizona is that while the requisite intent may not be inferred from mere entry or theft alone, any additional factor may be sufficient to warrant such an inference. *State v. Rodriguez*, 114 Ariz. 331, 333–34, 560 P.2d 1238 (1977). Here, if the jury believed Scheff's testimony, it could have found that the appellant had the specific intent necessary to commit burglary in the third degree from the fact that he broke the window. See *State v. Taylor*, 25 Ariz.App. 497, 499, 544 P.2d 714 (1976), holding that the element of specific intent necessary to sustain a conviction for burglary can be found when an unauthorized entry is made by force. If the jury believed the appellant, it could have found that he did not break the window and did not have a criminal intent even though he extended the upper portion of his body through the window. It could properly, therefore, have returned a verdict of guilty of criminal trespass in the second degree.

The case is in this posture. The jury could believe Scheff's testimony in its entirety and still not find appellant guilty of burglary. It could find him guilty of criminal trespass and not guilty of burglary simply because the element of intent to commit a theft or a felony was not credibly established. We have examined the authorities relied on by the State and do not find them convincing. In each, the defendant presented an alibi defense, thereby giving rise to a guilty or innocent situation. See *Price v. State*, 589 S.W.2d 929, 932 (Tenn. Cr.App.1979); *State v. Radi*, 176 Mont. 451, 578 P.2d 1169, 1177 (1978); *Polk v. Commonwealth*, 574 S.W.2d 335, 336, 339 (Ky. App.1978).

◼ In determining whether an offense is a lesser included offense, the test is whether the more serious offense cannot be committed without necessarily committing the lesser. *In re Appeal in Maricopa County Juvenile Action No. J–75755*, 111 Ariz. 103, 523 P.2d 1304 (1974).

◼ In making this determination, we look to the statutory elements of the two offenses. *State v. Laffoon*, 125 Ariz. 484, 487, 610 P.2d 1045 (1980). Burglary in the third degree is defined by statute as: "entering or remaining unlawfully in a non-residential structure or fenced commercial yard with the intent to commit any theft or felony therein." A.R.S. § 13–1506. Criminal trespass in the second degree is defined by A.R.S. § 13–1503 as: "knowingly entering or remaining unlawfully in a non-residential structure or fenced commercial yard." The statutory definition of criminal trespass in the second degree contains the additional element "knowingly." However, implicit in all criminal offenses is knowledge in the sense that the criminal act must have been voluntary. See A.R.S. § 13–201.

Hence, the word "knowingly" as used in the criminal trespass statute must have some additional meaning, for the difference in language must have been intended to bring about a difference in result. We consider that it must have been intended to have the meaning set forth in A.R.S. § 13–105(5)(b); i.e., " 'Knowingly' means, with respect to conduct * * * described by a statute defining an offense, that a person is aware * * * that his or her conduct is of that nature * * *." In order to convict a defendant of criminal trespass in the second degree, the prosecution must prove not only that the defendant knowingly, voluntarily, entered or remained, but it must also prove that the defendant was aware that his entry or remaining was unlawful.

Since in A.R.S. § 13–1506 the phrase "entering or remaining unlawfully" is not modified by the term "knowingly", in order to convict a defendant of burglary in the third degree, the prosecution need not prove that the defendant was aware of the unlawful-

ness of his entry. There need only be shown that the entry was knowingly or voluntarily made. Criminal trespass is not necessarily a lesser included offense of burglary.

Reversed and remanded.

HOLOHAN, V. C. J., and HAYS, CAMERON and GORDON, JJ., concur.