706 P.2d 753

**The STATE of Arizona, Appellant,**

v.

**Thomas David KOZAN, Appellee.**

**No. 2 CA–CR 3672.**

Court of Appeals of Arizona,
Division 2, Department A.

June 17, 1985.

Review Denied Sept. 24, 1985.

Stephen D. Neely, Pima Co. Atty. by Cindy K. Jorgenson, Tucson, for appellant.

O'Dowd, Burke & Lundquist by Bruce A. Burke, Tucson, for appellee.

## OPINION

FERNANDEZ, Judge.

Appellee and three others were arrested for burglary of two Tucson businesses. A jury convicted appellee of two counts of third-degree burglary in violation of A.R.S. § 13–1506. Appellee's motion for new trial was granted because he had been denied a jury instruction that second-degree criminal trespass is a lesser-included offense of burglary in the third degree. The only issue in this appeal is whether the trial court should have instructed the jury on second-degree criminal trespass, A.R.S. § 13–1503(A), as a lesser-included offense of third-degree bur-glary, A.R.S. § 13–1506. The instruction was properly not given and we reverse.

Appellee testified that he went along with the others after helping to pry open a gate. The four climbed onto the roof of the Invisible Theatre and entered the build-ing through a vent. Appellee denied tak-ing any money himself although he saw others remove money from a box. The four then went into the Eldon Drapery Cleaner business where appellee testified some property was taken. Appellee stated he considered his activities to be a "prank."

The burglary charges in the indictment were as follows:

"On or about the 26th day of October, 1983, ... THOMAS DAVID KOZAN committed burglary in the third degree of a non-residential structure, located at 1400 North 1st Avenue, belonging to IN-VISIBLE THEATRE, in violation of A.R.S. §§ 13–1506, 13–701, 13–702, 13–801, 13–803 and 13–604 A and C.

"On or about the 26th day of October, 1983, ... THOMAS DAVID KOZAN committed burglary in the third degree of a non-residential structure, located at 1406 North 1st Avenue, belonging to VERNON WALKER, in violation of A.R.S. §§ 13–1506, 13–701, 13–702, 13–801, 13–803 and 13–604 A and C."

A.R.S. § 13–1506 provides, in pertinent part, as follows:

"A person commits burglary in the third degree by entering or remaining unlaw-fully in or on a nonresidential structure or in a fenced commercial yard with the intent to commit any theft or any felony therein."

A.R.S. § 13–1503(A) reads as follows:

"A person commits criminal trespass in the second degree by knowingly entering or remaining unlawfully in or on any nonresidential structure or in any fenced commercial yard."

The court in *State v. Gooch*, 139 Ariz. 365, 678 P.2d 946 (1984) discussed the procedure for determining whether an of-fense is a lesser-included offense. It stat-ed that

"a court may consider two bases: '1) the included offense is by its very nature always a constituent part of the major offense charged; or 2) the terms of the charging document describe the lesser offense even though the lesser offense would not always form a constituent part of the major offense charged.'" 139 Ariz. at 366, 678 P.2d at 947, quoting *In re Maricopa County Juvenile Action No. J–75755*, 111 Ariz. 103, 105, 523 P.2d 1304, 1306 (1974).

In other words, a court may inquire as to whether the greater offense, as described by a statute or as stated in the charging document, can be committed without necessarily committing the lesser offense. Once the determination is made that the offense is a lesser-included offense, the court then must consider whether the evidence supports the requested instruction.

█ In this case the charging document does not describe the lesser offense of criminal trespass since it does not specifically include the element of "knowingly" entering or remaining unlawfully.

Arizona courts have consistently held that criminal trespass is not a lesser-included offense of burglary. *State v. Malloy*, 131 Ariz. 125, 639 P.2d 315 (1981); *State v. Ennis*, 142 Ariz. 311, 689 P.2d 570 (App. 1984); *State v. Thompson*, 139 Ariz. 133, 677 P.2d 296 (App.1983); *State v. Mitchell*, 138 Ariz. 478, 675 P.2d 738 (App.1983). Appellee contends that *Malloy* is no longer applicable because the legislature in 1981 amended the definition of "knowingly" by adding the following sentence:

"'Knowingly' means, with respect to conduct or to a circumstance described by a statute defining an offense, that a person is aware or believes that his or her conduct is of that nature or that the circumstance exists. *It does not require any knowledge of the unlawfulness of the act or omission.*" A.R.S. § 13–105(5)(b) (emphasis added).

█ The state contends that the addition to the statute nullifies the previous distinction between criminal trespass and burglary stated in *Malloy* and that "knowingly" no longer means anything additional in the criminal trespass statute. We find no merit in that contention.

" 'Enter or remain unlawfully' means an act of a person who enters or remains on premises when such person's intent for so entering or remaining is not licensed, authorized or otherwise privileged." A.R.S. § 13–1501(1).

Although at first glance it may appear that the amendment of the definition of "knowingly" changes the reasoning in *Malloy*, it really does not. *Malloy* holds that the additional element to be proven for criminal trespass is that the defendant was aware that his entry or remaining was unlawful. Regardless of the definition of "knowingly," the definition of criminal trespass itself requires that the person knowingly enter or remain *unlawfully*. Where the criminal statute itself makes this requirement, that is, that the defendant know his entry or remaining was unlawful, it is still an essential element of the crime even though no longer required for the mental state of "knowingly."

Because neither of the bases for determining that trespass is a lesser-included offense was met in this case, it is not necessary to make the second determination as to whether the evidence would have rationally supported a jury conclusion that the state had failed to prove an element of the greater offense.

The legislative amendment has not changed the rule in *State v. Malloy*, supra, and we find that the trial court erred. Reversed and remanded for sentencing.

BIRDSALL, P.J., and HOWARD, J., concur.