NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE of ARIZONA, *Respondent,*

*v.*

GILBERT LOUIS AYALA, III, *Petitioner.*

No. 1 CA-CR 13-0067 PRPC
FILED 09-18-2014

Petition for Review from the Superior Court in Maricopa County
No. CR2010-110993-001
The Honorable David B. Gass, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Lisa Marie Martin
*Counsel for Respondent*

Gilbert Louis Ayala, III, Buckeye
*Petitioner*

**MEMORANDUM DECISION**

Chief Judge Diane M. Johnsen delivered the decision of the Court, in which
Presiding Judge Jon W. Thompson and Judge Donn Kessler joined.

**J O H N S E N**, Chief Judge:

**¶1**　　　　Petitioner Gilbert Louis Ayala, III petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

**¶2**　　　　A jury convicted Ayala of second-degree burglary and the superior court sentenced him to the presumptive term of 11.25 years' imprisonment. We affirmed his conviction and sentence on direct appeal. *State v. Ayala*, 1 CA-CR 10-0905, 2011 WL 5866261, at *1, ¶ 1 (Ariz. App. Nov. 22, 2011) (mem. decision). Ayala filed a pro per petition for post-conviction relief after his counsel found no colorable claims. The superior court summarily dismissed the petition and Ayala now seeks review. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

**¶3**　　　　Ayala argues the superior court erred when it refused to allow him to call the prosecutor as a witness at trial, that the prosecutor engaged in misconduct and the evidence was insufficient to support his conviction because of conflicts between witnesses' trial testimony and their pretrial statements. We already have determined on direct appeal that the evidence was sufficient to sustain Ayala's conviction. *Ayala*, 1 CA-CR 10-0905, 2011 WL 5866261, at *2, ¶ 7. Ayala could have raised the other issues on direct appeal. Any claim a defendant raised or could have raised on direct appeal is precluded. Ariz. R. Crim. P. 32.2(a). None of the exceptions under Rule 32.2(b) applies. While Ayala argues he was "dumbfounded" by our decision affirming his conviction, he could have filed a petition for review with the supreme court if he wished to challenge it. *See* Ariz. R. Crim. P. 31.19(a).

**¶4**　　　　Ayala also argues his trial, appellate and post-conviction relief counsel were ineffective. He argues his trial counsel was ineffective when counsel failed to seek a jury instruction regarding criminal trespass as a lesser-included offense of burglary. Our supreme court held long ago that criminal trespass is not necessarily a lesser-included offense of burglary. *State v. Malloy*, 131 Ariz. 125, 130-31, 639 P.2d 315, 320-21 (1981). Ayala argues his appellate counsel was ineffective for filing a brief in accordance with *Anders v. California*, 386 U.S. 738, 744 (1967), and *State v. Leon,* 104 Ariz. 297, 299, 451 P.2d 878, 880 (1969), and advising this court there were no arguable grounds for reversal. Ayala does not identify any specific issues counsel should have raised on appeal, however, and, after reviewing the entire record, this court found no reversible error. He has, therefore, failed to present a colorable claim of ineffective assistance of

appellate counsel. Ayala next argues his post-conviction relief counsel was ineffective for filing a notice that counsel could find no colorable claims for relief. Ineffective assistance of post-conviction relief counsel is not a cognizable claim under Rule 32 unless a defendant makes the claim against counsel who provided representation in an "of-right" petition for post-conviction relief. *State v. Krum*, 183 Ariz. 288, 292, 903 P.2d 596, 600 (1995). This is not a petition for post-conviction relief "of-right" because Ayala was convicted after a jury trial. *See* Ariz. R. Crim. P. 32.1.

**¶5** Finally, Ayala argues his appellate counsel was ineffective when he failed to include unidentified supplemental issues Ayala provided to counsel to raise on appeal. We deny relief on this issue because Ayala did not raise it in the petition for post-conviction relief he filed below. A petition for review may not present issues not first presented to the superior court. *State v. Bortz*, 169 Ariz. 575, 577, ¶ 8, 821 P.2d 236, 238 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii).

**¶6** For the foregoing reasons, we grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh