NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE of ARIZONA, *Appellee*,

*v.*

ABDIHAKIM NUMAN HASSAN, *Appellant*.

No. 1 CA-CR 14-0539
FILED 7-30-2015

Appeal from the Superior Court in Maricopa County
No. CR2013-102965-001
The Honorable Hugh E. Hegyi, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Spencer D. Heffel
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Maurice Portley and Judge Michael J. Brown joined.

**G E M M I L L**, Judge:

¶1        Abdihakim Numan Hassan appeals from his conviction and sentence for burglary in the second degree, a class three felony.  Hassan's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), stating that he has searched the record and found no arguable question of law and requesting that this court examine the record for reversible error.  Hassan filed a *pro se* supplemental brief in accordance with *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  For the following reasons, we affirm his conviction and sentence.

## FACTS AND PROCEDURAL HISTORY

¶2        "We view the facts and all reasonable inferences therefrom in the light most favorable to sustaining the convictions." *State v. Powers*, 200 Ariz. 123, 124, ¶ 2 (App. 2001).  On January 17, 2013, D.E. and her family were on vacation at the Legacy Golf Resort ("the Resort") in Phoenix, Arizona.  Late that evening, after she and her family had gone to bed, D.E. heard a door slam in the suite.  Minutes later, a resort security guard informed her that someone had broken into the suite.  D.E realized that someone had gone through her purse and that money was missing from it.

¶3        Security guard K.B. was on duty at the Resort that night when he saw someone walking near the back of the Resort property.  He witnessed a man walking around D.E.'s suite and rummaging through a bag.  K.B. pursued the man, whom he identified at trial as Hassan, and finally caught him one building away from D.E.'s suite.  The Resort called Phoenix Police, who arrived at the scene and took custody of Hassan.  Hassan apologized for his actions and told the police that the money he had in his pocket belonged to D.E.  The State filed a complaint against Hassan, and on February 22, he was indicted by a Maricopa County grand jury on one count of second-degree burglary.

¶4        On March 4, Hassan pled not guilty to the burglary charge.  Prior to trial, Hassan was afforded several opportunities to enter into a plea agreement with the State.  On January 9, 2014, Hassan was present at a plea hearing and *Donald* advisement, at which the State presented its final plea offer of a mitigated, 3.3 year term in the Department of Corrections, followed by supervised probation.  Hassan rejected the offer and chose to proceed with trial.

¶5        At trial, the jury found Hassan guilty of second-degree burglary. After a trial on aggravating factors, the jury also found the State had proven two aggravators: 1) Hassan committed the crime for the purpose of pecuniary gain; and 2) Hassan was on release under community supervision at the time of the crime. At a sentencing hearing on July 18, 2014, the court sentenced Hassan to the presumptive term of 6.5 years' incarceration, with credit for 401 days served.

¶6        Hassan appeals his conviction and sentence. This court has jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and 13-4033.

## DISCUSSION

¶7        In his supplemental brief, Hassan makes four arguments that his conviction should be overturned. We address each in turn.

## I.    Sufficiency of the Evidence

¶8        First, Hassan argues that there was insufficient evidence presented at trial to support a burglary conviction. He asserts that the jury was never presented with evidence that the hotel suite was a "residential area," as defined by the burglary statute, and that no evidence shows that anything of value was stolen from the suite. We review the sufficiency of the evidence to determine whether there is substantial evidence to support the jury's verdict. *State v. Payne*, 233 Ariz. 484, 507, ¶ 76 (2013). Reversible error based on insufficient evidence "occurs only when there is a complete absence of probative facts to support the conviction." *State v. Soto-Fong*, 187 Ariz. 186, 200 (1996) (quoting *State v. Scott*, 113 Ariz. 423, 424–25 (1976)).

¶9        At trial, D.E. testified that her family was at the Resort for lodging during a family vacation. Arizona's criminal code defines a "[r]esidential structure" as "any structure . . . permanent or temporary, that is adapted for both human residence and lodging whether occupied or not." A.R.S. § 13-1501(11). Sufficient evidence existed to support the jury's determination that the suite was a residential structure, and we therefore reject Hassan's argument.

¶10       Hassan's claim that there was insufficient evidence to prove that anything of value was taken from the suite is similarly unpersuasive. The charge of second-degree burglary does not require proof that a theft was actually committed while the perpetrator was unlawfully in or on a

residential structure. *See* A.R.S. § 13-1507(A). Rather, it requires only that the perpetrator have the "intent to commit" a theft or felony therein. *Id.* Testimony at trial indicated that, at a very late hour of the night, Hassan entered the suite uninvited. Once inside, he began rummaging through a bag located in the suite. Further, the victim and the security officers testified that Hassan did in fact take some amount of money, which belonged to D.E., from the suite. Even if it is unclear how much money was taken, if any at all, there is sufficient evidence to conclude that Hassan entered the suite with the intent to commit a theft once inside. We therefore find that sufficient evidence existed to support the jury's verdict.

## II.     Courtroom Identification of Defendant

¶11          Hassan also argues that the prosecution made an in-court identification of Hassan as the defendant in a way that violated his due process rights. Because no objection was made to the prosecutor's statements during trial, we review for fundamental error. *State v. Henderson*, 210 Ariz. 561, 607, ¶ 19 (2005).

¶12          At trial, the prosecutor asked victim D.E. whether she recognized Hassan:

> [THE PROSECUTION]: The defendant that's charged in this case is sitting at Defense table. Do you recognize either of the parties that are sitting at the table?
>
> [D.E.]: No, I do not.
>
> [THE PROSECUTION]: Did either of those parties have permission to be in your hotel room on the night of January 16th into the morning of January 17th?
>
> [D.E.]: No, they did not.

¶13          Hassan argues that through this line of questioning, the prosecutor "told the victim that [Hassan] was the defendant" in violation of his due process rights. We decline to hold that referring to Hassan as "the defendant" was inappropriate. The prosecutor made no statement of his personal belief in Hassan's guilt, *see, e.g.*, *State v. Hernandez*, 170 Ariz. 301, 307 (App. 1991), nor did his identification of Hassan as simply "the defendant" improperly suggest to the jury that Hassan was the actual perpetrator of the crime alleged. Furthermore, the prosecutor's questions

were presumably intended to prove that the defendant did not have permission to be in the hotel room in the first place. On this record, therefore, we find no error in the prosecution's question and identification.[1]

## III.  Jury Instructions

**¶14**　　　Next, Hassan argues that the trial court erred when it declined to instruct the jury on criminal trespass as a lesser included offense of burglary. After closing arguments, Hassan renewed his request that the court include an instruction on criminal trespassing in the final jury instructions, arguing that the jury had heard conflicting testimony as to the amount of money actually stolen and returned to the victim. Although the State disagreed with Hassan's argument and characterization of the evidence, it agreed that an instruction on criminal trespass would be appropriate under the circumstances. Because there was no objection from the State, the court initially agreed to include the requested instruction.

**¶15**　　　Upon further study, the court determined that the proposed instruction was not appropriate in light of *State v. Malloy*, 131 Ariz. 125 (1981), which held that criminal trespass is not a lesser included offense of burglary. Accordingly, the court ultimately declined to instruct the jury on criminal trespass. Hassan noted his objection. We review for abuse of discretion a court's refusal to give a requested jury instruction. *State v. Dann*, 220 Ariz. 351, 363–64, ¶ 51 (2009) (citing *State ex rel. Thomas v. Granville*, 211 Ariz. 468, 471, ¶ 8 (2005)). We review de novo, however, whether one crime is a lesser included offense of another. *State v. Breed*, 230 Ariz. 462, 462, ¶ 4 (App. 2012).

**¶16**　　　Generally, a defendant is entitled to receive instructions on any theory of a case supported by the evidence, *State v. Valenzuela*, 194 Ariz. 404, 405, ¶ 2 (1999), and "all offenses necessarily included in the offense charged" must be submitted in a verdict form for the jury's consideration, Ariz. R. Crim. P. 23.3. A jury should be instructed on a lesser included offense if it could rationally find that, although the evidence did not support all the elements of the crime charged, "all the elements of another or other lesser offenses had been [proven]." *Malloy*, 131 Ariz. at 129. An offense is "lesser included" if the more serious offense cannot be committed

---

[1]  Because we hold there was no error, we also reject Hassan's argument that the trial court should have conducted an evidentiary hearing to determine whether the allegedly suggestive identification prejudiced Hassan.

without commission of the less serious offense. *State v. Wall*, 212 Ariz. 1, 3, ¶ 14 (2006).

**¶17**     In *Malloy*, our supreme court held that "[c]riminal trespass is not necessarily a lesser included offense of burglary." 131 Ariz. at 131. As the court explained, under A.R.S. § 13-1503(A), criminal trespass requires that the perpetrator "knowingly" enter or unlawfully remain in a nonresidential structure. *Id.* at 130. Second-degree burglary, as it is defined in A.R.S. § 13-1507, has no such requirement. Instead, it requires that the perpetrator enter a structure unlawfully "with the intent to commit any theft or felony therein." A.R.S. § 13-1507(A). In *Malloy*, the court explained that the word "knowingly" distinguishes criminal trespass from burglary by adding an additional, distinct element: the prosecution must prove that the defendant was aware of the unlawful nature of his entry. 131 Ariz. at 130–31. Therefore, it is not a lesser-included offense of burglary.

**¶18**     Accordingly, the trial court was not required to instruct the jury on criminal trespass. *See id.* at 129. The trial court did not abuse its discretion when it declined to give Hassan's proposed jury instruction.

## IV.     Grand Jury Proceedings

**¶19**     Finally, Hassan argues that he was denied due process at the grand jury proceeding. Hassan claims the prosecutor did not adequately inform or educate the grand jury as to the applicable law and failed to present sufficient evidence as to the critical elements of the charged offenses.

**¶20**     An error committed during grand jury proceedings, even if it may have impacted the grand jury's charging decision, is rendered moot by a trial jury's subsequent guilty verdict. *State v. Atwood*, 171 Ariz. 576, 617–18 (1992) *(disapproved on other grounds by State v. Nordstrom*, 200 Ariz. 229 (2001); *United States v. Mechanik*, 475 U.S. 66, 73 (1986) (explaining that a jury's guilty verdict makes any error in its charging decision harmless). In this case, even assuming for discussion that the prosecution failed to properly inform the grand jury at the indictment proceedings, any error that may have occurred was rendered harmless by the jury's guilty verdict at trial. We therefore reject Hassan's argument.

## CONCLUSION

**¶21**  Having considered both Hassan's and defense counsel's briefs and having examined the record for reversible error, *see Leon*, 104 Ariz. at 300, we find none.  The evidence presented supports the conviction and the sentence imposed falls within the range permitted by law.  As far as the record reveals, Hassan was represented by counsel at all stages of the proceedings, and these proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

**¶22**  Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984), counsel's obligations in this appeal have ended.  Counsel need do no more than inform Hassan of the disposition of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review.  Hassan has thirty days from the date of this decision in which to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.

**¶23**  The conviction and sentence are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: RT