NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

VICTORIA ALIXIA PARRA CARRANZA, *Appellant.*

No. 1 CA-CR 21-0424
FILED 5-17-2022

Appeal from the Superior Court in Yuma County
No. S1400CR202000665
The Honorable Roger A. Nelson, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

E.M. Hale Law, PLLC, Lakeside
By Elizabeth M. Hale
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Peter B. Swann and Judge D. Steven Williams joined.

**B A I L E Y**, Judge:

**¶1**         Victoria Parra Carranza[1] appeals her trespass conviction and contends the superior court erred in denying her motion for judgment of acquittal pursuant to Arizona Rule of Criminal Procedure ("Rule") 20(a). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**         In July 2020, Parra Carranza and her companion, Frank Montoya, entered a store in Yuma County.  The store's policy, which was posted at the entrance, required customers to wear face masks to protect against COVID-19.   As Montoya and Parra Carranza entered, a store manager approached them and asked them to put on face masks.  Montoya verbally refused, Parra Carranza did not respond, and the couple continued to walk around the store.  The manager, then joined by another store manager, followed the pair and asked them multiple times to either wear face masks or leave the store.  Montoya made remarks to the store managers while Parra Carranza said nothing.  The interaction lasted approximately fifteen minutes.   At one point, Montoya turned and coughed in the managers' direction and said he hoped they contracted COVID-19.

**¶3**         One manager called 911 to report a trespass.  Montoya and Parra Carranza continued shopping and then went to the checkout counter. After the managers told them they were not allowed to purchase any items, the couple went to the self-checkout counter.  Parra Carranza and Montoya completed their purchase, left the store, and were arrested in the parking lot after a scuffle with police.

**¶4**         A grand jury indicted Parra Carranza, charging her with four counts including aggravated assault, a class four felony, resisting arrest, a class six felony, hindering prosecution in the first degree, a class five felony, and criminal trespass in the second degree, a class two misdemeanor.  *See* Ariz. Rev. Stat. ("A.R.S.") §§ 13-1204, -2508, -2512, -1503.

**¶5**         At trial, Parra Carranza testified that she went to the store to purchase a few items and that she did not know why the clerk cancelled her order at the checkout counter.  She denied that store employees approached her or spoke to her while she was shopping.  She testified she was unaware

---

[1]      Parra Carranza's name appears alternately throughout the record as Parra Carranza, Parra-Carranza, and Parra-Caranza.   We use Parra Carranza for consistency.

law enforcement had been called until she was in the parking lot, and she did not know the reason for law enforcement involvement.

¶6　　　　After the State rested, defense counsel moved for a Rule 20 judgment of acquittal on the trespass charge, arguing the couple were already on their way out of the store when the police approached them. The court denied the motion, finding substantial evidence to support each charge, except that it reduced the aggravated assault charge from a class four to a class five felony. The jury found Parra Carranza guilty on the four counts. The court sentenced her to 36 months of supervised probation, with an initial 30-day jail term as a condition of probation.

¶7　　　　We have jurisdiction over Parra Carranza's timely appeal under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

¶8　　　　When a party files a Rule 20 motion, the superior court is required to enter judgment of acquittal if no substantial evidence warrants a conviction. Ariz. R. Crim. P. 20(a)(1); *State v. Hill*, 174 Ariz. 313, 318 (1993). We review *de novo* whether substantial evidence existed to support a conviction, viewing the facts in the light most favorable to supporting the verdict. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). The question is whether any rational trier of fact, considering direct and circumstantial evidence, could have found the defendant guilty beyond a reasonable doubt. *See id.* at ¶ 16 (citations omitted). We do not reweigh the evidence on appeal. *State v. Lee*, 189 Ariz. 590, 603 (1997).

¶9　　　　"A person commits criminal trespass in the second degree by knowingly entering or remaining unlawfully in or on any nonresidential structure . . . ." A.R.S. § 13-1503(A). To enter or remain unlawfully means the person's "intent for so entering or remaining is not licensed, authorized or otherwise privileged." A.R.S. § 13-1501(2).

¶10　　　　Parra Carranza argues she entered the store with a lawful purpose, to purchase items, and she did not know the mask mandate could subject her to criminal consequences; therefore, she did not have the requisite unlawful intent. This argument misstates the law. The State was not required to prove she intended to break the law, only that she "knowingly, voluntarily, entered or remained" while she "was aware that [her] entry or remaining was unlawful." *State v. Malloy*, 131 Ariz. 125, 130 (1981); *see also State v. Kozan*, 146 Ariz. 427, 429 (App. 1985) (noting the

defendant's awareness that entry or remaining was unlawful is a distinct element from "knowingly" entering or remaining).

**¶11**     The State elicited testimony that store employees repeatedly asked Parra Carranza to leave because she was unmasked, and she refused to do so.  Video footage from a store surveillance camera showed a manager approach Parra Carranza as she walked into the store.  Although Parra Carranza testified store employees did not approach her or ask her to leave, we will not reweigh the credibility of testimony on appeal.  *See Lee*, 189 Ariz. at 603.  From the evidence presented, a jury could find Parra Carranza chose to remain in the store despite knowing she was not authorized to be there. *See Malloy*, 131 Ariz. at 130.  There was thus substantial evidence to support a trespass conviction, and the court did not err in denying Parra Carranza's Rule 20(a) motion.

## CONCLUSION

**¶12**     We affirm.



AMY M. WOOD • Clerk of the Court
FILED:     AA