NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

MARC KROON,
*Petitioner/Appellee,*

*v.*

TRICIA KROON,
*Respondent/Appellant.*

No. 1 CA-CV 15-0719 FC
FILED 7-21-2016

Appeal from the Superior Court in Maricopa County
No. FC 2015-053099
The Honorable Richard Albrecht, Judge *Pro Tempore*

**VACATED**

COUNSEL

Best Law Firm, Phoenix
By Cynthia Best, Stephen Vincent, Randi Burggraff, Robert Hendricks
*Counsel for Respondent/Appellant*

DeRoon & Seyffer, Phoenix
By Richard R. Seyffer, Charles R. Seyffer
*Counsel for Petitioner/Appellee*

---

## MEMORANDUM DECISION

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Maurice Portley joined.

---

**D O W N I E**, Judge:

¶1        Tricia Louise Kroon ("Wife") appeals from the superior court's order upholding an order of protection issued against her, as well as from the simultaneously issued Notice to Sheriff of Brady Indicator ("Brady Notice").[1]   For the following reasons, we vacate the order of protection and the Brady Notice.

### FACTS AND PROCEDURAL HISTORY

¶2        Marc Kroon ("Husband") and Wife were in the midst of divorce proceedings when Husband petitioned for an order of protection, alleging that Wife had entered his residence while he was out of town and removed property.   The superior court issued an *ex parte* order of protection and later held an evidentiary hearing to determine whether the order should remain in place.[2]

¶3        Wife admitted entering the home while Husband was away, gaining access through a dog door.  Although Wife had moved from the community-owned residence several months earlier, she took the position that as a joint owner of the property, with no court order granting either party exclusive use, she was legally entitled to enter the home and retrieve her personal property.  Wife testified that due to Husband's history of

---

[1]      The Brady Notice relates to notification requirements under the federal Handgun Violence Prevention Act.  *See* 18 U.S.C. § 922(g)(8) (firearm possession "shall be unlawful" for a person subject to a court order, issued after a hearing, that prohibits the use or threat of physical force that would reasonably be expected to cause bodily harm).

[2]      Wife had obtained an order of protection against Husband that the court considered at the same evidentiary hearing.  Both orders were upheld.

domestic violence, she waited until he was out of town "[f]or safety reasons."[3]

**¶4** After Wife entered the home, she was confronted by Husband's girlfriend, and both women called the police. Husband telephonically advised responding officers that he "did not want any property removed from the residence due to the ongoing divorce process," but the officers nevertheless gave Wife permission to remove the property.

**¶5** At the conclusion of the hearing, the superior court found by a preponderance of the evidence that Wife had committed domestic violence by trespassing and affirmed the order of protection. Wife timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-2101(A)(1), (A)(5)(b).

## DISCUSSION

**¶6** We will uphold an order of protection absent an abuse of discretion by the issuing court. *See Mahar v. Acuna*, 230 Ariz. 530, 534, ¶ 14 (App. 2012). "A court abuses its discretion when it commits an error of law in the process of reaching a discretionary conclusion or when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support the decision." *Id.* We review questions of law *de novo*. *Michaelson v. Garr*, 234 Ariz. 542, 544, ¶ 5 (App. 2014).

**¶7** An order of protection may issue if there is reasonable cause to believe a person has committed an act of domestic violence or may commit such an act. A.R.S. § 13-3602(E). Here, the superior court found that Wife had committed "domestic violence . . . that being trespassing[.]" Criminal trespass is a qualifying domestic violence offense for purposes of issuing orders of protection. *See* A.R.S. § 13-3601(A).

**¶8** The criminal trespass statute relevant to residential structures provides, in pertinent part:

> A person commits criminal trespass in the first degree by knowingly:

---

[3] Husband had been convicted previously of two criminal offenses involving Wife as the victim.

Entering or remaining unlawfully in or on a residential structure.

A.R.S. § 13-1504(A)(1). Construing the language of our criminal trespass statutes, this Court has held that the alleged trespasser must be aware of the unlawfulness of her actions, stating:

Regardless of the definition of "knowingly," the definition of criminal trespass itself requires that the person knowingly enter or remain *unlawfully*. Where the criminal statute itself makes this requirement, that is, that the defendant know his entry or remaining was unlawful, it is still an essential element of the crime even though no longer required for the mental state of "knowingly."

*State v. Kozan*, 146 Ariz. 427, 429 (App. 1985).

¶9 According to Wife, she "believed—and still believes—she is the owner of the property, and she had a right to be there." Wife therefore contends the superior court erred by relying on the predicate offense of criminal trespass. Based on the evidence presented at the hearing, we agree.

¶10 Wife testified repeatedly that she believed she had a legal right to enter the house. No contrary evidence was offered. It is undisputed that Wife was a co-owner of the residence and that no court order forbade her from occupying or entering the premises. The police report regarding the incident states that Wife removed property "from her residence" and that officers advised her that "she does have rights to the house and that, if she wanted to take just the few items she wanted as sentimental possessions, [they] would stand by to assure the peace was preserved." Furthermore, we are faced with an order of protection — which requires proof of a predicate domestic violence offense — not an injunction against harassment, which can issue without such a proven offense. *See* A.R.S. § 12-1809(S) (Injunction against harassment may issue if defendant committed acts directed at the plaintiff "that would cause a reasonable person to be seriously alarmed, annoyed or harassed and the conduct in fact seriously alarms, annoys or harasses the person and serves no legitimate purpose.").

¶11 The superior court articulated no basis for upholding the order of protection against Wife other than criminal trespass. *See* Rule

38(h), Arizona Rules of Protective Order Procedure[4] ("At the conclusion of the hearing, the judicial officer must state the basis for continuing, modifying, or revoking the protective order."). Because the record did not establish that predicate domestic violence offense, we vacate the order of protection and the simultaneously issued Brady Notice. *See* 18 U.S.C. § 922(g)(8) (Brady firearm prohibitions apply only if person is subject to a qualifying court order).

**CONCLUSION**

¶12     We vacate the order of protection against Wife. In the exercise of our discretion, we deny both parties' requests for attorneys' fees incurred on appeal.



Ruth A. Willingham · Clerk of the Court
FILED: AA

---

[4]     Renumbered from Rule 8(G) effective January 1, 2016.