NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

SHERRISA COOPER SMITH, *Petitioner/Appellee,*

*v.*

DARRIN QUINTON SMITH, *Respondent/Appellant.*

No. 1 CA-CV 22-0100 FC
FILED 12-29-2022

Appeal from the Superior Court in Maricopa County
No.  FC2021-052517
FC2021-093582
The Honorable Paula A. Williams, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Modern Law PLLC, Mesa
By Robyn Barrett
*Counsel for Respondent/Appellant*

Schill Law Group PLLC, Scottsdale
By David Yuhas
*Counsel for Petitioner/Appellee*

---

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Peter B. Swann[1] joined.

---

**P A T O N**, Judge:

**¶1** Darrin Quinton Smith ("Father") appeals the superior court's order affirming an order of protection against him in favor of Sherrisa Cooper Smith ("Mother"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2** In September 2021, the superior court granted Mother's petition for an order of protection against Father. Father objected, and the superior court set a one-hour hearing on the petition in December. Mother and Father both moved to extend the hearing to two hours, but the court found that additional time was "unnecessary" and denied the parties' requests.

**¶3** At the hearing, Mother testified that Father broke into her home when he knew she was out of town and "destroyed" the house. She alleged Father broke several objects, including picture frames and a television set, and defecated on the bedroom carpet. In support of her testimony, Mother submitted photos of her vandalized and soiled home.

**¶4** Father admitted he entered Mother's home without telling her. Although Father testified the house was no longer in his name and that he had established a separate residence, he claimed he believed he had a

---

[1] Judge Peter B. Swann was a sitting member of this court when the matter was assigned to this panel of the court. He retired effective November 28, 2022. In accordance with the authority granted by Article 6, Section 3, of the Arizona Constitution and pursuant to A.R.S. § 12-145, the Chief Justice of the Arizona Supreme Court has designated Judge Swann as a judge *pro tempore* in the Court of Appeals for the purpose of participating in the resolution of cases assigned to this panel during his term in office and for the duration of Administrative Order 2022-162.

right to enter Mother's house without her permission because he was "still paying bills there at the time."

**¶5** The superior court affirmed the order of protection against Father. Father timely appealed. We have jurisdiction under Article 6, Section 9 of the Arizona Constitution, Arizona Revised Statutes ("A.R.S.") § 12-2101(A)(1), (5)(b), and Arizona Rule of Protective Order Procedure 42(a)(2).

**¶6** We note that Mother's counsel failed to submit an answering brief, despite being granted an extension to do so. "When debatable issues exist and an appellee fails to file an answering brief, we may consider such failure a confession of reversible error." *Savord v. Morton*, 235 Ariz. 256, 259, ¶ 9 (App. 2014). In our discretion, however, we address this appeal on the merits.

## DISCUSSION

### I. The record supports the superior court's finding that Father committed criminal trespass.

**¶7** The superior court may issue an order of protection "if the court determines that there is reasonable cause to believe . . . the defendant has committed an act of domestic violence." A.R.S. § 13-3602(E)(2). Here, the superior court found that Father committed criminal trespass—an act of domestic violence sufficient to issue an order of protection. *See* A.R.S. § 13-3601(A).

**¶8** As relevant here, a person commits criminal trespass by "knowingly" "[e]ntering or remaining unlawfully in or on a residential structure." *See* A.R.S. § 13-1504(A)(1). A person enters or remains unlawfully in a house when his "intent for so entering or remaining is not licensed, authorized or otherwise privileged." A.R.S. § 13-1501(2). "[T]hat the defendant [knew] his entry or remaining was unlawful" is an "essential element" of criminal trespass. *State v. Kozan*, 146 Ariz. 427, 429 (App. 1985). Father argues the superior court abused its discretion by finding he committed criminal trespass because Father believed he was entitled to enter Mother's home, and therefore did not *knowingly* enter her home unlawfully.

**¶9** Although Father denied knowingly entering Mother's home unlawfully, sufficient evidence supports the court's finding to the contrary. Such evidence includes Father's testimony that he disabled Mother's security system before entering her home and Mother's testimony that

Father had "no access to the house" when he broke in and "destroyed" it. *See Maria G. v. Dep't of Child Safety*, 253 Ariz. 364, 366, ¶ 8 (App. 2022) (we will not re-weigh conflicting evidence or reevaluate the credibility of witnesses on appeal).

**II.     The superior court did not violate Father's due process rights by imposing and enforcing a one-hour time limit at the hearing.**

**¶10**     We review the superior court's enforcement of a time limit for an abuse of discretion, and to prevail, Father must show he suffered harm because of the time limit. *See Brown v. U.S. Fid. & Guar. Co.*, 194 Ariz. 85, 91, ¶ 30 (App. 1998). We review constitutional issues de novo. *State v. Moody*, 208 Ariz. 424, 445, ¶ 62 (2004).

**¶11**     Due process guarantees Father a meaningful opportunity to be heard. *See Wallace v. Shields*, 175 Ariz. 166, 174 (App. 1992). Similarly, Rule 38(g)(1) of the Arizona Rules of Protective Order Procedure provides that, at a contested hearing on an order of protection, "[t]he judicial officer must ensure that both parties have an opportunity to be heard, to present evidence, and to call and examine and cross-examine witnesses." The superior court has broad discretion to manage its own docket and may impose "reasonable time limits" on hearings. *See Findlay v. Lewis*, 172 Ariz. 343, 346 (1992); Ariz. R. Civ. P. 16(j) ("reasonable time limits"); Ariz. R. Prot. Ord. P. Rule 2 (rules of civil procedure apply unless inconsistent with protective order rules).

**¶12**     Father argues the superior court's time limit was unreasonable because he was "only given five minutes to present his direct testimony." We disagree. The record shows the court gave each party thirty-minutes to present its case and that Father chose to spend most of his time cross-examining Mother on matters that were irrelevant to the protection order. Thus, it was Father's decision, not the court's, to reserve only five minutes for direct testimony.

**¶13**     Father further argues the superior court reversibly erred by failing to extend the hearing to account for "an unexpected electronic glitch." The record, however, demonstrates that any technological "glitches" were minor, rapidly resolved, and did not deny Father a meaningful opportunity to be heard. Accordingly, the superior court did not violate Father's due process rights by setting and enforcing a one-hour time limit on the hearing.

## CONCLUSION

¶14        We affirm.

